George A. Brenner, S.
Upon the examination of a proponent as' an adverse party before trial in a contested probate proceeding, contestant moves for an order requiring such proponent to produce, to permit contestant to examine, and to obtain a photostatic copy of a paper writing designated as Exhibit “ 8 ” stated to have been used on such examination by the attorney for proponent in order to refresh proponent’s recollection. The opposing affidavit alleges that such writing is a copy of a memorandum made by proponent’s attorney, not only after the execution of the will and the death of decedent, but during the course of a conference between proponent and her attorney in preparation for the trial of the issues raised by the objections.
Objectant’s Exhibit “7” on such examination before trial is stated to be a yellow paper containing notes which proponent’s attorney made in the presence of his client at the time of the conference. The writing referred to as objectant’s Exhibit “ 8 ” is a typewritten copy of Exhibit “ 7 ” prepared by the attorney for proponent upon his return to the office. Such memorandum is stated to contain a recital to the effect that such attorney explained to his client the objections to probate which had been filed and the nature of the demand for her examination as an adverse party before trial. This recital is followed by a narra *649 tion relating to the client’s response to such explanation by her attorney.
Proponent contends that these memoranda consisting of communications made by a client to one of her attorneys in the course of professional employment are confidential communications which are privileged under section 353 of the Civil Practice Act.
Section 353 provides in substance that an attorney shall not be required to disclose a communication made by his client to him or the advice given thereon in the course of his professional employment and extends to any employee of such attorney. By its terms the statute would appear to be limited to a prohibition against the disclosure by an attorney or his employee of a confidential communication, as distinguished from a prohibition extending to a disclosure by the client. There is, however, sound authority to the effect that under the modern theory the client’s own testimony is equally privileged, since the privilege is for the protection of the client in order to permit freedom of consultation with an attorney, and would plainly be defeated if the disclosure of such conference, although not compellable from the attorney, were obtainable from the client. (See 8 Wigmore on Evidence [3d ed.], §§ 2323, 2324.)
The rule against the disclosure of confidential communications had its origin in the employment of attorneys by parties litigant following the custom in ancient times of prosecuting or defending actions or proceedings by the parties in person, and to extend to such parties the immunity which they would have enjoyéd but for the employment of attorneys to represent them. (See Whiting v. Barney, 30 N. Y. 330.)
The decision in Shafer v. Utica Mut. Ins. Co. (248 App. Div. 279) is distinguishable. The communication there objected to was made by the client to an attorney who not only represented such client but who was the attorney as well for the insurance company under its contract with the client. Matter of Chellis v. Chapman (125 N. Y. 214 [1891], affg. 7 N. Y. S. 78) involved questions relating to the delivery by the defendant to his attorney of letters received from the plaintiff long prior to the commencement of the action. The communication here objected to relates to a memorandum made by the attorney following a conference during the pendency of the litigation and relating to the issues now in dispute.
The motion by contestant for an order to compel the production, examination and reproduction of such exhibit is denied. *650 An examination of the transcript of such examination discloses that the objections to such communications as confidential were timely made and that objectant’s questions relating to such writing were permitted so that the record would be adequate to permit a ruling by the Surrogate upon the competency of such evidence.
Settle order.