Jack Stanislaw, J.
Defendant’s examination of plaintiff before trial was adjourned after counsel for plaintiff refused to allow Ms adversary perusal of documents used to refresh the memory of that plaintiff during the examination. Kalt, the defendant, now moves to strike the case from the calendar, as having been prematurely placed there. He asserts the plaintiff Falk’s statement of readiness to be incorrect in noting defendant’s reasonable opportunity to complete discovery proceedings, *173 and further asks the court direct completion of that examination. At this point it is pertinent to note that the action has been set down for trial for October 21,1964.
Falk would have no objection to a continuation of his examination, but he does ask for examination then of Kalt before trial and the continuation of the case on the calendar for the day certain pending completion of the proceedings.
The key to the dispute here is the issue raised with regard to documents used to refresh plaintiff’s recollection. It is plaintiff’s position that these are confidential communications between client and attorney and therefore not available to opposing counsel for any reason or purpose, notwithstanding CPLR 3113, subd. (c) and general rules of evidence which make such writing open to the use and inspection of opposing counsel (Richardson, Evidence [8th ed.] § 431). A ruling on this issue is asked by plaintiff, the examination of plaintiff to then proceed subject to that ruling, to be folloAved by plaintiff’s examination of defendant.
Defendant Avants to inspect the papers used by Falk. Further, he argues that in any event plaintiff has waived his right to an examination by refusing to undertake the same immediately after the subject examination had been adjourned in the presence of the defendant, then ‘1 ready, willing and able to testify ’ ’. The statement of readiness filed by plaintiff also contains a statement to the effect that although he has not completed discovery and inspection proceedings he does not intend to do so.
It is this court’s opinion that an adversary’s right to examine writings used to refresh memory must be limited by the greater sanctity accorded confidential communications betAvocn attorney and client (Matter of Van Gorder, 10 Misc 2d 648). That part of the motion to inspect the document under discussion is therefore denied. This then gives plaintiff the ruling requested, and on this basis the examination of plaintiff shall continue at the same place where adjourned from, at a time and date to be stipulated by the parties or fixed by the court in the order to be settled herein.
Obviously, defendant has not completed preliminary proceedings. That the examination of plaintiff was adjourned and not concluded is apparent. It also follows that plaintiff’s statement of readiness is incorrect. Therefore, the action should be stricken from the calendar. (Rules App. Div., 2d Dept., Special Rule 14, subds. 4, 6.) That plaintiff waited one month after adjournment before placing the action on the calendar does not cut off defendant’s right to this relief. No such short-term *174 limitation of time is prescribed in the statute (CPLR 3124), nor does the language of that rule lend itself to such interpretation. The election of remedies permitted the proponent of the examination to seek to compel disclosure should not be limited by a unilateral time limit placed on the exercise of his options by his adversary. The latter has available to him for such purpose an application to the court to file his statement of readiness with preliminary proceedings incomplete for reasons beyond his own control (Rules App. Div. 2d Dept., Special Rule 14, subd. 6).
Because of the prejudice which plaintiff might unduly suffer, he shall be permitted to take the deposition of the defendant following the conclusion of his examination by defendant. Under the circumstances presented, the failure to examine defendant is excusable.
The motion is granted in its entirety, with the exception of that request to inspect the paper, a confidential communication between plaintiff and his attorney used to refresh the memory of the former, which is denied.