STATE of Missouri, Respondent,

v.

Jesse SCOTT, Appellant.

No. 55742.

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

William H. Ferrell, St. Louis, for appellant.

HOUSER, Commissioner.

Jesse Scott has appealed from a conviction of first degree robbery with a dangerous and deadly weapon.

Appellant's first point is alleged error in permitting state's witness John Billings, a detective, at a pretrial hearing before the court on a motion to suppress evidence in connection with a lineup, to testify as to the number of people in the lineup after refreshing his memory from a document shown to him while on the witness stand, which document appellant's counsel requested but was refused permission to examine. The motion to suppress was overruled; Billings testified at the trial before the jury, not mentioning the number of persons in the lineup, and cross-examination at the trial was waived. The pertinent part of the record at the pretrial hearing (appellant's counsel, Mr. Ferrell, cross-examining):

"Q  I believe you said you think there was four in the roundup—lineup— does that mean you don't have a remembrance how many?

A  I know there was four. There could have been five. We usually put four to five in there.

Q  That's your custom but do you have any recollection of this?

A  Not right off because there have been quite a few showups—

Q  You are speaking on the basis of custom rather than this actual showup?

A  Uh huh.

MR. FERRELL: I ask then that this testimony about four persons or five in the lineup be stricken.

THE COURT: Do you have records you can refer to?

THE WITNESS: Yes sir, we can produce them.

THE COURT: Do you have those records with you?

MR. NOLAN: Yes, I have them here and he has them in the back.

THE COURT: I think, Officer, you can refresh your recollection from whatever records you have.

MR. NOLAN: Realizing this is being done for the limited purposes of this hearing, show him police complaint number 435888, bearing date of November 19, 1969, submitted by officers of the Burglary and Robbery section, and bearing the signature of Lt. Frank Burns, I will draw your attention to page 2, paragraph 3—

THE WITNESS: Five.

MR. FERRELL: I would like to look at that too, by the way.

MR. NOLAN: Your Honor, at this time I object to tendering it to defense counsel other than to the specific reference just made to this Officer.

THE COURT: All right. It was offered, Mr. Ferrell, for the specific purposes of showing a paragraph—you may see the paragraph.

MR. FERRELL: I have no way of knowing that was the only paragraph offered and what the rest of it says; unless I can see the entire document I don't know what's in it.

THE COURT: No. As I recall the record, Mr. Ferrell, counsel pointed specifically to a paragraph on a page which the Officer read and then answered the question.

MR. FERRELL: Well, Your Honor, I am going to make an objection to the failure of counsel to permit me to examine a document he had in his hands and appeared before the witness with and I was not there or shown any particular paragraph—

THE COURT: Well, he making an offer to you now, Mr. Ferrell, to show you the paragraph presented.

MR. NOLAN: For the purpose of the record, I would like the record to reflect what I am showing him does consist of certain papers found in the file of the Circuit Attorney and is a work product prepared for trial purposes, and I can read further if this is helpful to the Court?

THE COURT: No. The Court is satisfied it refreshes the Officer's recollection and the Officer answered after reading that paragraph. You may inquire.

MR. FERRELL: I have no further questions, Your Honor."

■  Appellant cites State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42, 51, in support of his contention that his rights were prejudiced by the court not permitting his counsel to examine the document. Gadwood ruled that it is error to deny counsel for defendant the right to inspect a document used by a state's witness to refresh his recollection while he is testifying, and, if so advised, to cross-examine from it. The rule, however, has its limitations, and is subject to definition. In the case before us, as in the recent case of State v. Johnson, Mo.Sup., 454 S.W.2d 27, 30[7], there was not a complete denial of counsel's request to see the document—the prosecuting official and the court offered to allow ap-

pellant's counsel to see that portion of the document containing the paragraph which the witness read to refresh his memory. In Johnson this Court rejected a similar complaint on the ground that there was no complete denial of the request; that only minor discrepancies in the cross-examination were relied upon, and the denial of the request for an examination *in full* of the document did not prejudice appellant. The witness Billings read only the single paragraph relating to the number of persons in the lineup—he did not read any other portion of the document—and after testifying "Five" gave no further testimony, so in no event could appellant have been prejudiced. In view of the fact that other portions of the document were not used by the witness Billings to refresh his recollection, there was no error in the court's ruling. Bova v. St. Louis Pub. Serv. Co., Mo.App., 316 S.W.2d 140, 146[6].

Furthermore, the entire episode relates to an immaterial matter. There is no contention that the lineup was not fairly constituted or conducted or that there is any significance to the discrepancy between the testimony of Detective Billings, Officer Boni and the victim, one Riggins, all of whom testified that there were five persons in the lineup, and appellant's testimony that there were two lineups, in one of which there were three persons and in the other of which there were four persons.

Appellant's second point is alleged error in permitting F.B.I. Agents Curtin and Housley to testify concerning admissions made by appellant after refreshing their recollections from notes made during an interrogation of appellant, without permitting appellant's counsel to examine the notes. The F.B.I. agents each testified that he had examined the notes to refresh his recollection before coming to court to testify but that he did not bring the notes with him to court. The general rule is that " * * * where a witness has refreshed his present recollection prior to the time of giving testimony, by the use of papers or memoranda out of court, he is not, unless the court in its discretion orders otherwise, obliged to produce them to allow the opposing party to make an inspection." Anno: Witness—Refreshing Recollection, 82 A.L.R.2d 485, 562. State v. Gadwood, supra, does not extend to this situation. Gadwood limits the right of inspection to memoranda "used by a State's witness to refresh his memory *while he is testifying,* * * *." (Judge Ellison's emphasis.) In State v. Miller, Mo.Sup., 368 S.W.2d 353, 357[2], and State v. Smith, Mo.Sup., 431 S.W.2d 74, 82[19], the Missouri cases on this subject were reviewed and the rule in this jurisdiction restated, that defense counsel should be permitted to examine a paper writing from which the witness has refreshed his recollection *while he is on the stand testifying,* and that to refuse this is error, but this is not required where the paper writing is not produced and used at the trial, although it may have been examined by the witness previously. The court did not err in its ruling.

No error appearing the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.