**Ray MARSHALL, Secretary of Labor et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 78–602.**

United States District Court, District of Columbia.

Dec. 4, 1980.

Sue Ann Wolff, David A. Grant, U.S. Dept. of Labor, Washington, D.C., for plaintiffs.

Kenneth J. Simon-Rose, Gerald M. Feder Law Offices, Washington, D.C., for plaintiff-intervenors.

Bruce Simon, Cohen, Weiss & Simon, New York City, Bruce Simon, c/o National Association of Letter Carriers, Washington, D.C., for plaintiff-intervenors Angel Correa and others.

Gerald M. Feder, James R. Barnett, Donald M. Murtha & Associates, Washington, D.C., for plaintiff Atwood/Evans and others.

Jules Bernstein, Connerton & Bernstein, Washington, D.C., for plaintiff Brice and others.

James S. Petrie, Chicago, Ill., Eugene Granof, Vedder, Price, Kaufman, Kammholz & Day, Donald P. Gilmore, Jr., Stephen, Edward F. Ward, Jr., Staff Attys., U.S. Postal Service, Washington, D.C., for defendant.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Defendant's Motion to Quash Subpoena in the above captioned action. The facts may be succinctly stated as follows:

In 1978 Plaintiff–Intervenors and Defendant settled certain private class actions brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* That Act provides, *inter alia*, that no employee may be a party unless he or she so consents in writing. 29 U.S.C. § 216(b). Thus, employees who did not so consent (hereinafter referred to as "non–plaintiffs") could not directly benefit from the 1978 settlement agreements. Plaintiff and Intervenor–Plaintiffs allege that a "non–plaintiff

agreement" was effectuated between Intervenor–Plaintiffs and Defendant, so that non–plaintiffs would benefit from the settlement agreements. According to Plaintiff and Intervenor–Plaintiffs, this non–plaintiff agreement would be applied to all employees of Defendant through settlement of an action brought by the Secretary of Labor, as provided in 29 U.S.C. § 216(c).

The existence or non–existence of the non–plaintiff agreement is presently the subject of this litigation. A massive amount of discovery has already ensued, including lengthy depositions of Messrs. Trosch, Letter, and Benson, the principle negotiators of the 1978 settlement agreement. In preparation of this litigation, Michael Taylor, an attorney for Defendant, prepared an affidavit for Mr. Trosch. This affidavit was never signed, and has never been produced by Defendant as evidence. Rather, the affidavit (which traces the course of the 1978 settlement negotiations) has been used by Defendant to refresh the recollection of Messrs. Trosch and Benson at their depositions.

At those depositions, Plaintiff and Plaintiff–Intervenors requested and received copies of the document. Defendant's attorney represented to opposing counsel that the document had been prepared on the basis of confidential communications between Mr. Taylor and Messrs. Trosch, Benson, and Letter. Upon receipt of the document by Plaintiff and Plaintiff–Intervenors, Messrs. Trosch and Benson were asked point–by–point whether the document accurately reflected their recollection of how the settlement negotiations transpired. In at least two important instances, their testimony and the document are in conflict.

Plaintiff–Intervenors have noticed the deposition of Mr. Taylor, seeking to discover the communications between Mr. Taylor and Messrs. Trosch, Benson, and Letter. Plaintiff–Intervenors admit that those conversations are subject to the attorney–client privilege; they contend, however, this privilege was waived either (1) when the document was used to refresh the recollection of Messrs. Trosch and Benson, (2) when the document was given to Plaintiff and Plaintiff–Intervenors, or (3) when Messrs. Trosch and Benson answered questions regarding the accuracy of the document.

■■■■ Two general propositions govern resolution of this issue. First, it is clear that "[o]nce a party begins to disclose any confidential communication ..., the privilege is lost for all communications relating to the same matter." *SEC v. Dresser Industries, Inc.,* 453 F.Supp. 573, 576 (D.D.C. 1978). Second, it is also apparent that once a document is used to refresh the recollection of a witness, privileges as to that document have been waived. *Wheeling–Pittsburgh Steel Co. v. Underwriters Laboratories, Inc.,* 81 F.R.D. 8, 10 (N.D.Ill.1978). This waiver is authorized by Rule 612 of the Federal Rules of Evidence, as incorporated into deposition proceedings by Rule 30(c) of the Federal Rules of Civil Procedure. Pursuant to this authority, Defendant released the document in question to Plaintiff and Plaintiff–Intervenors.

Plaintiff–Intervenors attempt to solder these two propositions together, contending, in essence, that the waiver provided by the Federal Rules of Evidence and Civil Procedure mandates not only disclosure of the document itself, but also permits inquiry into the genesis of the document. This contention, unsupported by law or logic, is misplaced.

The purpose served by the Rule 612 waiver is to preclude "the unfair disadvantage which could be placed upon the cross–examiner by the simple expedient of using only privileged writings to refresh recollection." *Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11 (N.D.Ill.1972). This purpose is fully satisfied by disclosure of the document in question.

■■■■ Likewise, the purpose served by the "full disclosure rule" is to prevent a litigant from "insisting upon the protection of the privilege for damaging communications while disclosing other selected communications because they are self–serving." *Burlington Industries v. Exxon Corp.,* 65 F.R.D. 26, 46 (D.Md.1974). This purpose is

not relevant to the instant litigation; Defendant has not attempted to introduce the document into evidence. Thus, there are no "self-serving communications" presented here.

 Attorneys are often involved in drafting documents that are used by their clients to refresh their recollections. Under the rationale posited by Plaintiff–Intervenors, the use of those documents for recollection purposes would subject the attorneys to deposition and compelled testimony, which in many instances might impair their ability to represent their clients at trial. *See A.B.A. Code of Professional Responsibility,* D.R. 5–102, E.C. 5–9. This Court concludes that the use of a document for recollection purposes requires only the disclosure of the document to opposing counsel, and that said disclosure does not, in and of itself, constitute any further waiver of the attorney–client privilege.

Plaintiff–Intervenors further claim that any surviving attorney–client privilege was waived when Messrs. Trosch and Benson answered questions relating to the document. Rule 612 requires disclosure of the document to permit Plaintiff and Plaintiff–Intervenors to cross–examine the deponents regarding the content of the document. The document itself does not contain any privileged information, and testimony concerning its subject matter cannot constitute a further waiver.

Moreover, cursory testimony regarding the procedure involved in drafting the document does not obviate the attorney–client privilege. Obviously, litigants are entitled to know both the nature of an asserted privilege and the rationale underlying the assertion. Only when witnesses testify about their communication with their attorneys is the attorney–client privilege waived.

The record presently before the Court does not reflect such testimony. Rather, the deponents testified only as to the subject matter contained in the docu-

ment and the bases underlying their claim of privilege. Because the attorney–client privilege has not been waived to the extent asserted by Plaintiff–Intervenors,[1] and because the testimony sought from Mr. Taylor concerns only the content of privileged communications between Mr. Taylor and his clients, Defendant's Motion to Quash Subpoena must be granted.

---

1. The attorney–client privilege has been waived as to the document itself. *See* discussion *supra.*