### AL–ROWAISHAN ESTABLISHMENT UNIVERSAL TRADING & AGENCIES, LTD., Plaintiff,

and

### Seena Corporation Limited, Intervenor-Plaintiff,

v.

### BEATRICE FOODS CO., Defendant.

### No. 80 Civ. 4576 (MEL).

United States District Court, S. D. New York.

Jan. 12, 1982.

Milbank, Tweed, Hadley & McCloy, New York City, for plaintiff.

Boyle, Vogeler & Tiernan, New York City, for intervenor-plaintiff.

Hughes, Hubbard & Reed, New York City, for defendant; Jerome G. Shapiro, New York City, Peter M. Kreindler, Washington, D. C., of counsel.

LASKER, District Judge.

Defendant Beatrice Foods Co. ("Beatrice") moves to compel production of certain documents prepared by Roger Boyle, Esq., ("Boyle") the attorney for plaintiff-intervenor Seena Corporation Limited ("Seena"). The documents consist of a digest of a deposition of John Kelly, ("Kelly") a shareholder of Seena, with marginal notes

added to the digest by Boyle, all of which Kelly read in preparing for a later deposition. With the consent of the parties, the documents in question were viewed by the Court *in camera.*

Beatrice cites a number of cases which hold that the work-product privilege, codified in Fed.R.Civ.Pr. 26(b)(3), and the attorney-client privilege are waived as to any document previously used by the witness to refresh his recollection. *See e.g., Peck & Peck, Inc. v. Jack LaLanne Fifth Ave. Health Spa, Inc.,* 76 Civ. 4020 (S.D.N.Y. Jan. 12, 1978); *Marshall v. United States Postal Service,* 88 F.R.D. 348 (D.D.C.1980).

The cases cited by Beatrice rely primarily upon F.R.E. 612, which provides that:

" . . . if a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." [1]

The cases have concluded that the court's discretion accorded under Rule 612(2), should be exercised in favor of disclosure because the rule was intended to allow opposing counsel the opportunity on cross-examination to search out discrepancies between a writing used to refresh recollection and the witness' direct testimony. The rationale is that it would be unfair to deprive opposing counsel of this opportunity "by the simple expedient of using only privileged writings to refresh recollection." *See, e.g., Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11, 13 (N.D.Ill.1972).

Seena does not quarrel with the reasoning of the cases cited by Beatrice. However, it points out that the documents which were the subject of those decisions contained ordinary work-product, which, under

26(b)(3), is discoverable if the requisite showing is made, while the documents requested here contain *only* the attorney's "mental impressions, conclusions, opinions, or legal theories . . . concerning the litigation." Rule 26(b)(3) admonishes the courts to guard against disclosure of work product of such a character.

The cases cited by the parties do not address the point, nor is their reasoning conclusive of the issue. For example, in *Peck v. Peck, supra,* the disputed work-product was the report of an insurance adjuster as to possible causes of the flood which was the subject of the litigation. The defendant had referred to the document during his direct deposition testimony. In *Williamson v. Puritan Chemical Co.,* 80 Civ. 1698 (S.D.N.Y. March 6, 1981), the contested document was a statement of the defendant's employee which the employee had made to an insurance carrier and re-read prior to his deposition to refresh his recollection. And in *Bailey v. Meister Brau, Inc., supra,* the documents contained financial figures and estimates shown to a witness to refresh his recollection prior to deposition. No case dealt with the type of documents at issue here; that is, those containing solely the mental impressions of an attorney concerning pending litigation.

Judge Weinstein suggests the following resolution to the question in his Evidence treatise:

" . . . If the adverse party demands material which the party producing the witness claims reflects solely the attorney's thought processes, the judge should examine the material *in camera.* Unless the judge finds that the adverse party would be hampered in testing the accuracy of the witness' testimony, he should not order production of any writings which reflect solely the attorney's mental processes."

3 Weinstein *Evidence* ¶ 612[04] at 612–40 (1981).

After having viewed the contested documents *in camera,* we find it difficult to see

---

1. F.R.E. 612 is made applicable to deposition testimony by Fed.R.Civ.Pr. 30(c).

how Beatrice would be "hampered in testing the accuracy" of Kelly's testimony by the failure to order disclosure of the documents. Be that as it may, the value to Beatrice is outweighed by the principle precluding disclosure of this type of work-product. We conclude that, in view of the fact that, "since *Hickman v. Taylor*, [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] the Supreme Court has never permitted intrusion in the work-product revealing the attorney's thought processes," 3 Weinstein, *supra*, at 612–40, Beatrice's motion should be denied.

It is so ordered.