**Lester A. BARRER, Plaintiff,**

v.

**WOMEN'S NATIONAL BANK, Defendant.**

**Civ. A. No. 82–0547.**

United States District Court, District of Columbia.

Dec. 9, 1982.

J. Alan Galbraith, James T. Fuller, III, Williams & Connolly, Washington, D.C., for plaintiff.

Lowell D. Turnbull, Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ARTHUR L. BURNETT, United States Magistrate.

Counsel for the plaintiff has filed a motion to compel production of a memorandum prepared by Ms. Emily H. Womach, President of defendant bank, which, during the course of her deposition on September 16, 1982, she admitted reviewing in advance of her deposition to refresh her recollection. During the deposition proceeding counsel for the defendant declined to produce the document on the basis of attorney-client privilege.

From a review of the court file it appears that Ms. Womach may be the most important witness the defendant has in this case. Indeed, her testimony may be the most critical evidence in the case on the bank's defenses to the plaintiff's claim. It has been represented that the plaintiff had several conversations with Ms. Womach personally with no one else present concerning his financial statement and his then financial condition, on which the bank relied in making the loan to Mr. Barrer and issuing to him its cashier's check for $17,400.00. Since plaintiff's claim involves the right and power of the bank to refuse to pay funds upon the tender of the cashier's check by a subsequent holder thereof, based on alleged fraud, non-disclosure, and false

statements by the plaintiff, what was said in the oral conversations between these two individuals will be most critical. It may be that the memorandum that Ms. Womach prepared for counsel contains factual representations concerning the oral conversations as to matters not reflected in the financial statement Mr. Barrer submitted for the loan or in other documents the bank may have produced during the course of pretrial discovery to date.

In the course of her deposition testimony, Ms. Womach testified as follows:

"Q. Do you recall that earlier you responded to me that your memory was dim or hazy, whatever our precise words were, about your conversations with Mr. Barrer until in preparation for your deposition, you sought to review the documents?

A. No, that's not quite true. Not until. I made a memo at the request of counsel to counsel concerning this whole matter.

Q. Did you undertake to review that memorandum in preparation for your deposition?

A. Yes, I did.

Mr. Galbraith: I request it, please.

Mr. Turnbull: I don't have it. It's a confidential communication between attorney and client."

(Deposition of Ms. Emily H. Womach, September 16, 1982, pp. 45–46.)

Earlier in her deposition Ms. Womach had responded concerning her memory of the dealings with Mr. Barrer as follows:

Q. Prior to that time, is it fair to say that your memory of your conversations with Mr. Barrer, unrefreshed by documents, was vague? Was dim, was hazy?

A. Yes.

Q. And I take it, therefore, that your position is that the documents themselves assist (sic) you in recalling what happened back in the fall of 1981?

A. Yes, sir."

(Deposition at p. 24.)

Counsel for the plaintiff has urged that he is entitled to the memorandum under Rule 612 of the Federal Rules of Evidence and Rule 30(c), Federal Rules of Civil Procedure, applicable to depositions, providing that examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence.

Insofar as relevant here, Rule 612 provides:

"... if a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto...."

It is significant to note that the provisions of Rule 612 do not explicitly speak to privileged matters. Certainly the drafters, or the Congress in approving the Federal Rules of Evidence, could have employed language comparable to that in Rule 26(b)(1) restricting parties to discovery of matters, not privileged. Thus the last sentence quoted above could have been written:

"If it is claimed that the writing contains matters not related to the subject matter of the testimony, *or privileged,* the court shall examine the writing in camera, excise any portions not so related, *or privileged,* and order delivery of the remainder to the party entitled thereto...."

This suggests that the Congress did not explicitly circumscribe the court's exercise of discretion to order the disclosure of information which may be privileged.

Counsel for the plaintiff here has argued that disclosure would be in the interests of justice, as the key witness' recollection was vague, dim and hazy before she undertook to refresh her recollection, the document is her account of the transaction prepared at an earlier time closer to the occurrence, and she did refresh her memory from it. He concludes his argument, that once a witness uses her own document, even though prepared for counsel, to refresh her recollection, she loses the protection of the privileges, citing *Prucha v. M & N Modern Hydraulic Press Co.,* 76 F.R.D. 207 (W.D.Wis.1977) and 3 Weinstein's Evidence ¶ 612[04], p. 612–34 (1981).

Women's National Bank in opposition has argued that production of this privileged document would be directly contrary to the interests of justice. Counsel asserts that after Mr. Barrer began this lawsuit, Ms. Womach prepared at the request of the Women's National Bank's counsel, Ms. Cathleen Douglas, a memorandum discussing the October 1981 meeting with Mr. Barrer to inform Ms. Douglas about the background of the pending litigation. He has further observed that the date of the memorandum is March 19, 1982, approximately five (5) months after the meeting occurred. He has also asserted that the "unimpeded gathering of this kind of information by an attorney is absolutely essential to permit the attorney to provide effective representation for his or her client." [1]

Counsel for the Women's National Bank has argued that the legislative history of Rule 612 demonstrates that it was not intended to authorize any invasion of the attorney-client privilege. He observes that as originally drafted, Rule 612 would have permitted the opposing party to inspect any document which a witness examined to refresh his recollection before testifying, and that the House Committee on the Judiciary, concerned that this approach posed a serious threat of fishing expeditions into sensitive files, restricted the right of inspection to those limited circumstances where "the court in its discretion determines it necessary in the interest of justice." [2]

Counsel for the defendant has further observed that the House Committee on the Judiciary specifically noted one purpose of this restriction. That purpose was stated as follows:

> "The Committee intends that nothing in the Rule be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." H.R.Rep. No. 93–650, 93d Cong., 1st Sess., p. 13 (1973).

He has also noted that on the House floor Congressman Hungate, now a United States District Judge, asserted in debate that the attorney-client privilege would not be sacrificed. See *Joseph Schlitz Brewing Co. v. Muller & Phipps, (Hawaii), Ltd.,* 85 F.R.D. 118, 119 (W.D.Mo.1980). However, even if we are duly sensitive to these expressions of legislative history, that history is not so clear and unambiguous as to preclude the court from requiring production in the interests of justice, when the circumstances may warrant such production in the exercise of sound judicial discretion.

This Magistrate's further research has disclosed a judicial trend towards requiring disclosure under Rule 612 of materials used to refresh recollection preliminary to the taking of a deposition; notwithstanding claims of attorney-client privilege or work product privilege. See *James Julian, Inc. v. Raytheon Company,* 93 F.R.D. 138, 144–46 (D.Del.1982) and authorities cited therein. There Judge Schwartz observes:

> of privileged documents, it could have used more specific and precise language to reflect its intent. For example, the Congress could have explicitly included qualifying language to the effect that privileged matters should not normally be produced, unless the court found it absolutely necessary in the interests of justice. But Congress chose to use a much more general and broader standard, thus suggesting a wider range of judicial discretion in this area.

---

1. This Magistrate would hardly disagree with this general proposition. But the problem here is the client reviewing the document preliminary to testifying at a deposition. Counsel can adequately protect the attorney-client privilege by not making such a document available for perusal by a client to prepare for a forthcoming deposition.

2. If Congress had intended to preclude or restrict the judicial power to require production

"Those courts which have considered the issue have generally agreed that the use of protected documents to refresh a witness' memory prior to testifying constitutes a waiver of the protection." 93 F.R.D. at 145.

He further noted that to allow an exception for privileged materials would be to ignore the unfair disadvantage which could be placed upon the cross-examiner by the simple expedient of using only privileged writings to refresh recollection. At least one case by a judge of this court has adopted this rationale. *Marshall v. United States Postal Service,* 88 F.R.D. 348 (D.D.C.1980). See also, *Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11 (N.D.Ill.1972). In *Marshall, supra,* the court observed that the purpose of a "full disclosure rule" would be to prevent a litigant from disclosing selected communications which may be advantageous, but insisting upon the privilege to protect against disclosure of damaging information. This is a highly relevant consideration in this case as Ms. Womach could have testified that her recollection was refreshed only as to matters favorable to the Women's National Bank and other information could have been included in the memorandum reflecting oral communications by Mr. Barrer which would contradict her testimony and undermine the bank's claim of fraud, nondisclosure and misrepresentation.

This Magistrate has considered the efficacy of an *in camera* examination of the memorandum in this case, has read the deposition of Ms. Womach, and has reflected on the congressional expressions of concern for the attorney-client privilege. While the purpose of requiring disclosure is to give opposing counsel the opportunity to cross-examine to search out discrepancies between a writing used to refresh recollection and the witness' direct testimony and that counsel, much more intimately involved with the case, will have far greater insights than a judge or magistrate in reviewing a document for this purpose, it is my view that an *in camera* examination by the Magistrate, in view of the simplicity of the issues and the facts in this case, can adequately strike the balance between plaintiff's interest in discovering any evidence favorable to him and the defendant's interest in protecting the attorney-client relationship. Cf. *Al-Rowaishan Establishment Universal Trading & Agencies, Ltd., v. Beatrice Foods Co.,* 92 F.R.D. 779 (S.D.N.Y. 1982). This Magistrate is confident he will be able to note discrepancies, if any, between Ms. Womach's deposition testimony and the contents of the memorandum, or any other information which would be helpful to the plaintiff or which would reflect upon the credibility of Ms. Womach. If such information is detected in the *in camera* examination, disclosure will be ordered, and counsel will be allowed to reopen the deposition for further examination of Ms. Womach, subject to such protective order provisions as may then appear to be appropriate.

A separate Order, consistent with the foregoing analysis, accompanies this Opinion.

