690 P.2d 154

**SAMARITAN HEALTH SERVICES, INC., an Arizona corporation, dba Maryvale Samaritan Hospital; Maryvale Pediatric Clinic, an Arizona business entity, Petitioners,**

v.

**SUPERIOR COURT of Arizona, in and for the COUNTY OF MARICOPA, and the Honorable David L. Roberts, a judge thereof, Respondent Judge,**

**Shereese JONES, a minor By and Through her next friend, Gwendolyn R. JONES; Gwendolyn R. Jones and Ronald Jones, wife and husband, individually, Real Parties in Interest.**

**No. 1 CA–CIV 7798–SA.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 16, 1984.

Teilborg, Sanders, & Parks, P.C. by Frank A. Parks, Kathleen A. Neilsen, Phoenix, for petitioners.

Leonard & Clancy, P.C. by James J. Leonard, Jr., Kenneth P. Clancy, Phoenix, for real parties in interest.

Snell & Wilmer by Robert H. Oberbillig, Phoenix, for Dr. McBride and Maryvale Clinic.

## OPINION

KLEINSCHMIDT, Judge.

This special action arises from discovery proceedings in a medical malpractice action brought by plaintiffs Sheresse Jones and her parents against Samaritan Health Services, Inc. The trial court ruled that there had been a waiver of the attorney-client and work product privileges with respect to certain interview summaries which had been used by various Samaritan employees to refresh their recollections in preparation for deposition. In this special action, Samaritan argues that the summaries are privileged and that, even if the privilege was partially waived, it was an abuse of the trial court's discretion to compel the discovery of the summaries in their entirety, without examining them to determine whether the information in them could reasonably have influenced the lay witnesses.

Before the complaint in the underlying lawsuit was filed, a Samaritan employee told Samaritan's in-house counsel, Cathey Milam, that Samaritan might be sued as a result of events surrounding the birth of Shereese Jones at Maryvale Samaritan Hospital. Milam interviewed a number of hospital employees, and prepared written summaries of what they said. Although the summaries do not contain any verbatim quotations, they purportedly incorporate Milam's impressions and thought processes as well as factual matters.

Jones ultimately filed a medical malpractice complaint against Samaritan. As the case unfolded, Milam allowed four of the hospital's employees to review the summaries of their interviews in preparation for giving depositions. Jones served Milam with a subpoena duces tecum requiring her to produce, among other things, the interview summaries which the witnesses had used to refresh their recollections. Samaritan objected to producing the summaries and the trial court subsequently granted Jones' motion to compel on the grounds

that the attorney-client and work product privileges were waived when Milam made the summaries available to the witnesses for review. The question is appropriate for a special action proceeding. *See City of Phoenix v. Peterson,* 11 Ariz.App. 136, 462 P.2d 829 (1969).

More specifically, Samaritan contends that Rule 26(b)(3), Arizona Rules of Civil Procedure, protects against the discovery of privileged work product and that the attorney-client privilege likewise bars discovery. Samaritan further contends that Rule 612, Arizona Rules of Evidence, which permits an adverse party to inspect and cross-examine a witness on any statement from which the witness has refreshed his recollection, does not work a waiver of both the work product and the attorney-client privileges. Even if the materials are not absolutely protected, according to Samaritan, the trial court abused its discretion by failing to require an *in camera* inspection of the documents for the purpose of excising those privileged portions which could not have affected the testimony of the witnesses.

Jones argues that Rule 612 does not exempt from production those documents which are claimed to be privileged. Jones also contends the *in camera* inspection of Rule 612 is discretionary, and the court had no obligation to utilize that procedure.

The initial question is whether, by allowing four of the employee-witnesses to review the summaries of their interviews, Samaritan forfeited the privileges.

Rule 612, Arizona Rules of Evidence, provides:

> If a witness uses a writing to refresh his memory for the purpose of testifying, either—
>
> (1) before testifying, if the court in its discretion determines it is necessary in the interests of justice, or
>
> (2) while testifying,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testi-

mony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the action, the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto.

Rule 30(c), Arizona Rules of Civil Procedure, makes Rule 612 applicable to depositions.

Since Rule 612 does not mention the effect of the privileges on the operation of the rule, there remains a polarized tension between the rule and the protection provided by the respective privileges. Because our Rule 612 is virtually identical to the federal rule and because there is a lack of Arizona case law on the subject, we look to federal precedent for guidance.

The legislative history of Rule 612, Federal Rules of Evidence, is ambiguous in regard to whether privileged instruments should be made available to the opponent when used for purposes of refreshing recollection. *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 145 (D.Dela.1982); *Barrer v. Women's National Bank,* 96 F.R.D. 202, 204 (D.D.C.1982). While Rule 612 does not explicitly refer to privileged matters, Congress could have employed language comparable to 26(b)(1), Federal Rules of Civil Procedure, which restricted discovery to "any matter, not privileged." Congress, however, did not explicitly circumscribe the exercise of discretion by courts when ordering the disclosure of privileged information. *Barrer,* 96 F.R.D. at 203. Moreover, those courts which have considered the issue have generally agreed that the use of protected documents to refresh recollection constitutes a waiver of the privilege. The trend is toward requiring disclosure of materials used to refresh recollection in preparation for deposition, notwithstanding claims of privilege. *See James Julian,* 93 F.R.D. at 145; *Marshall v. United States Postal Service,* 88 F.R.D. 348 (D.D.C.1980).

 The cases have concluded that the discretion accorded courts under Rule 612

should be exercised in favor of disclosure. *Al-Rowaishan Establishment v. Beatrice Foods Co.*, 92 F.R.D. 779, 780 (S.D.N.Y. 1982). The rule was intended to allow opposing counsel the opportunity on cross-examination to search out discrepancies between a writing used to refresh recollection and the witness' direct testimony. *Al-Rowaishan, supra.* Without access to the materials that the witnesses used for review, opposing counsel cannot inquire into the extent to which a witness' testimony has been shaded by counsel's presentation of the factual background. *James Julian*, 93 F.R.D. at 146. The logic of this line of cases is sound and we hold that by using the interview summaries to refresh the recollections of its employees, Samaritan waived, except as qualified hereafter, the attorney-client and work product privileges that initially attached to the interview summaries.

This conclusion, however, does not end our inquiry. The rationale for the rule fails to support the trial court's blanket decision to make available the entire witness interview summaries without knowing what they contained. Indeed, Rule 612 makes documents used for refreshing recollection available only because they may have influenced the witness' testimony.

■ It is possible, though perhaps improbable, that the information protected by the privileges may have had no potential to influence the witness' testimony. For example, the material may contain references to matters which would have no meaning to a lay person. We do not see how a fair determination of this question can be made unless the trial court in fact knows what the materials contain. An *in camera* examination by the trial court can adequately strike the balance between a party's interest in discovering any evidence favorable to him and his opponent's interest in protecting the attorney-client relationship. This device, in fact, has been employed by trial courts when privileged information is subject to revelation. *Al-Rowaishan*, 92 F.R.D. at 780; *Barrer*, 96 F.R.D. at 205. The mere fact the documents are discover-

able, of course, does not make them admissible at trial.

The trial court must assess the statements and protect only those items that could not have had an influence on the witnesses. The approach to the problem must be made in a common sense way, on a case by case basis. The trial court in this case, for example, may consider the effect of any pressure on witnesses that might ensue because the impressions and comments were written by a representative of their employer.

It is quite possible that everything in the statements is subject to production and that under the criteria we have laid out that the petitioner will agree that that is the case. The trial court may wish to facilitate the *in camera* inspection by requesting the petitioner to furnish a memorandum highlighting the matters it believes remain protected.

Accordingly, we grant relief, in part, and remand for an *in camera* inspection in compliance with this opinion.

BROOKS, J., concurs.

CORCORAN, Judge, dissenting.

I respectfully dissent.

I agree with the majority that Samaritan through its in-house counsel waived its claim of privilege regarding the "interview summaries which were delivered to Samaritan employees to refresh their recollections in preparation for deposition." However, the predicate for requiring the trial court to examine the summaries *in camera* under rule 612, Arizona Rules of Evidence, is that there be a claim "that the writing contains matters not relating to the subject matter of the action." Samaritan tacitly acknowledges that the summaries do relate to the subject matter of the action by indicating that they contain "mental impressions and subjective interpretations of corporate counsel." Since there is no claim that they do not relate to the subject matter of the action, no *in camera* inspection is necessary. I would deny relief.