Katherine O'Donnell
ECKERT, Plaintiff,

v.

Charles FITZGERALD, Defendant.

C.A. No. 86–2402 (JHG/PJA).

United States District Court,
District of Columbia.

March 23, 1988.

Stephan H. Abraham, Washington, D.C., for plaintiff.

Peter Barnes, Swidler & Berlin, Chartered, Washington, D.C., for defendant.

## MEMORANDUM OPINION

PATRICK J. ATTRIDGE, United States Magistrate.

These parties have been in litigation about the same underlying transaction in both this Court and in the Superior Court for the District of Columbia since 1982. Their problems arise out of the Plaintiff's lease of certain premises in Georgetown to the Defendant. On July 10, 1984, the date their former suit was to go to trial, they believed that they had settled their differences and so informed the Court. Based on their representations that a settlement had occurred that need only be reduced to writing, an oral order was entered dismissing the litigation. The parties' agreement proved short-lived for they soon agreed to disagree and resumed their litigious roles. When a motion to reinstate the former suit was unsuccessful, the present suit was filed.

The present discovery problem dates back to the time of the aborted first trial. The Plaintiff's former trial counsel, John F. Burke, Esq., made notes to his file "during the negotiations between the parties which preceded the July 10, 1984, settlement agreement and ... dictated a contemporaneous memorandum to the file ... 'regarding the events that transpired in court on July 10th'" (Defendant's motion, at 4). It is these documents that the Defendant seeks.

The Defendant contends that the notes are relevant and are not work product since they were written for purposes other than for trial preparation. He further alleges that the notes must be factual in nature since they merely memorialized the terms that were negotiated and the events that transpired in Court. Alternatively, the Defendant asserts that if the notes are protected by the attorney work product privilege, the privilege has been waived and if not waived, the Defendant's showing of substantial need has overcome the qualified privilege. Lastly, the Defendant urges the Court to review the notes *in camera* to be sure that the privilege has been properly claimed.

The Plaintiff on the other hand contends that the notes reflect Burke's state of mind at the time the memoranda were drafted, and even if they contain factual data they are subject to protection because the prior matter was not finally resolved between the parties and further litigation was possible if not probable. Moreover, the Plaintiff urges the Court to utilize its discretion in denying application of Fed.R.Evid. 612 to waive the work product privilege since the Defendant's counsel was present during the negotiations, and is, therefore, not unfairly disadvantaged by denying production.

## DISCUSSION

It is well-established that the discovery provisions of the Federal Rules of Civil procedure are to be accorded liberal treatment. In *Re Sealed Case*, 676 F.2d 793, 809 (D.C.Cir.1982), citing *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Despite this broad treatment, the Supreme Court in the landmark case, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), recognized a qualified immunity from discovery for the attorney's work product. The 1970 amendment to Fed.R.Civ.P. 26(b)(3) further clarified and refined the scope of work product immunity to include documents "prepared by or for a party in anticipation of litigation or for trial" which are discoverable upon a showing by the requesting party of substantial need and undue hardship in obtain-

ing an alternative source of the work product material. "[T]he literal language of the Rule protects material prepared by or for *any* litigation or trial so long as it was prepared by or for a party to the subsequent litigation." *FTC v. Grolier, Inc.*, 462 U.S. 19, 25, 103 S.Ct. 2209, 2213, 76 L.Ed.2d 387 (1983). (emphases added) (citing C. Wright & A. Miller, *Federal Practice and Procedure* § 202, p. 201 (1970)). Moreover, practically all the Circuit Court of Appeals and the overwhelming majority of the Federal District Courts have ruled "... that work product materials retain their immunity from discovery after termination of the litigation for which the documents were prepared, without regard to whether other related litigation is pending or is contemplated." *Id.* at 26, 103 S.Ct. at 2214.

Nonetheless, a more fundamental issue is at stake. The Court's interest in the truth weighs heavily against the benefits encompassed in the privilege when a lawyer relinquishes his advocacy role and assumes the status of an independent witness for a former client. As a witness he is bound to state the facts known to him honestly, fairly and objectively. If prior to testifying about the facts and matters of mixed fact and opinion he relies on prior notes to refresh his recollection, he is no different from any other witness, and his notes are discoverable pursuant to Fed.R. Evid. 612, which provides in pertinent part that,

> if a witness uses a writing to refresh his memory for the purpose of testifying ... before testifying, if the court in its discretion determines it is necessary in the interest of justice, an adverse party is entitled to have the writing produced at the hearing to inspect it, to cross-examine the witness thereon ...

This rule has been extended to deposition proceedings where documents otherwise protected by the qualified work product privilege are used to refresh a witness's recollection. *Marshall v. United States Postal Service*, 88 F.R.D. 348, 350 (D.D.C. 1980); *Barrer v. Women's National Bank*, 96 F.R.D. 202, 204–05 (D.C.C.1982). The purpose of allowing disclosure in such in-

stances is to preclude the attorney from selectively choosing which documents he utilizes to refresh his recollection, thereby placing the cross-examiner at a disadvantage. *Marshall, supra.*

■ Rule 612 is applicable here since it appears that during Burke's deposition he referred to his notes in an effort to respond to a question (deposition, at 390). Moreover, the witness conceded that he had reviewed his notes about a week prior to the deposition for the purpose of refreshing his memory in anticipation of the taking of the deposition (deposition, at 40). Although Burke's notes represent what he learned at the settlement conference through his own ingenuity, the work product privilege is not served by allowing him to change his role from that of attorney to that of a witness for his former client, and then base his testimony on notes shielded by the privilege. The dispute concerning the terms of the settlement agreement entered into on July 10 is the central issue of the present litigation. As a lay witness Burke's role is to assist the fact-finder in determining where the truth lies concerning this issue. This role cannot be jeopardized by placing the Defendant at a disadvantage in cross-examining the witness by denying the Defendant the opportunity to review notes that the witness has relied upon to substantiate his version of the disputed settlement terms. Therefore, Rule 612 is appropriately imposed in this matter to waive application of the work product privilege to the facts and mixed facts and opinions concerning the disputed settlement terms incorporated in Burke's notes.

■ However, even if not waived, the Defendant has shown adequate reasons why the work product should be subject to discovery. The relevant portions of the notes are the facts and mixed fact and opinions that the notes contain concerning the terms of the agreement. Burke's opinions and mental conclusions are not probative of the actual terms entered into by the parties. To the extent that work product contains relevant, non-privileged facts the standard for overcoming the privilege is to

show substantial need and undue hardship in obtaining the substantial equivalent of the work product materials. Fed.R.Civ.P. 26(b)(3); *In re Sealed Case, supra* at 809. The Defendant has met this standard. Burke's notes represent the only written memorialization of the substance of the July 10 purported settlement from the Plaintiff's standpoint. Therefore, the Defendant has a demonstrated need for the documents and has no alternative source of the substantially equivalent work product materials.

An appropriate order accompanies this memorandum.

### ORDER

Upon consideration of the Defendant's motion to compel production of documents, the opposition, the entire record, and for the reasons set forth in the accompanying memorandum opinion, it is this 23 day of March, 1988,

ORDERED that the Defendant's motion to compel be, and hereby is, granted. On or before April 4, 1988, the witness, John F. Burke, Esquire, shall produce for inspection and/or copying the notes in so far as they contain statements of facts and mixed fact and opinions recorded by Burke regarding the purported settlement between the parties and recorded in the contemporaneously dictated memorandum to the file regarding the events transpiring in Court on July 10, 1984. To the extent that the documents contain the mental impressions, conclusion, opinions on legal theories of the Plaintiff's counsel they may be redacted so that only those portions of the documents that contain statements of fact and mixed facts and opinion need be produced.