Ronald BARRETT, Relator,

v.

Thomas C. MUMMERT, Respondent.

No. 64728.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 18, 1994.

Daniel J. Cohen, Jon Carlson, Edwardsville, IL, for relator.

Daniel Zureich, Stephen M. Schoenbeck, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relator, Ronald Barrett, brought an action pursuant to the Federal Employer's Liability Act against the defendant, Alton & Southern Railway Company. During the course of discovery, Barrett requested that the defendant produce two reports which the defendant had in its possession. The defendant refused and claimed both reports were protected by the attorney-client and work product privileges. Barrett brought a motion to compel production of the documents, but the respondent, the Honorable Thomas C. Mummert, denied Barrett's motion. Barrett seeks our writ ordering the respondent to grant the motion to compel. We issued a preliminary order which we now make absolute.

Barrett deposed two of the defendant's employees, Robert Tweedy and Ernie Hale. Both Tweedy and Hale stated that they inspected the power switch which allegedly injured Barrett and formed the basis for his cause of action. Both employees wrote separate reports about their inspection of the switch. Additionally, both men stated that they relied on these reports to prepare for their deposition testimony. It was at this time that Barrett first attempted to obtain these reports.

■ Rule 56.01(b) governs the scope of discovery. It authorizes the discovery of any matter which is not privileged. *State ex rel. Cain v. Barker*, 540 S.W.2d 50, 52 (Mo. banc 1976). Conversely, privileged matters are not discoverable unless the privilege is waived. *Cain* at 52. Both Barrett and the respondent agree that the attorney-client and work product privileges would normally bar discovery of these reports. However, the question presented here is whether both privileges were waived when Hale and Tweedy used these reports to refresh their recollections prior to their deposition testimony.

■ There is no Missouri case on point. Several other jurisdictions have considered the issue. The trend is to require disclosure of materials used to refresh recollection in preparation for deposition, notwithstanding claims of privilege. *Samaritan Health Services v. Superior Court*, 142 Ariz. 435, 690 P.2d 154, 156 (1984). This has been true whether the privilege claimed is attorney-client or work product. *See James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del. 1982) (work product protection waived for documents used to refresh witness' recollection prior to deposition); *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8 (N.D.Ill.1978) (attorney-client privilege waived when document was used to refresh a witness' recollection prior to deposition); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y. 1977) (predicted that in future cases work product protection would be waived if used to refresh deponent's recollection); *City of Denison v. Grisham*, 716 S.W.2d 121 (Tex.App. 1986) (work product and attorney-client privileges waived when protected documents were used to refresh recollection during deposition).

Although the attorney-client privilege and work product privilege are different in scope and in nature, the reasons the privileges are waived when used to refresh a witness' recollection are substantially the same. In *Berkey*, 74 F.R.D. 613, the court said:

> [Given the] modern views favoring broad access to materials useful for effective cross-examination, ... it is disquieting to posit that a lawyer may "aid" a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance. There is much to be said for a view that a party or its lawyer, meaning to invoke the privilege, ought to use other, and different materials, available later to a cross-examiner, in the preparation of witnesses. When this simple choice emerges the decision to give the work product to the witness could well be deemed a waiver of the privilege.

*Id.* at 616. In other words, allowing a party to maintain the privileged status of docu-

ments while, at the same time, making a testimonial use of the documents in this manner would grant the party the advantage of two conflicting rules. The rule requiring disclosure of such material is intended to allow opposing counsel the opportunity on cross-examination to search out discrepancies between the materials used to refresh the witness' recollection and the witness' direct testimony. *Samaritan,* 690 P.2d at 157. Otherwise, an attorney could shape a witness' testimony with impunity simply by using only privileged materials to refresh the witness' recollection. If, under these circumstances, the privileges remained intact barring disclosure of the materials, opposing counsel could not inquire into the extent to which a witness' testimony had been shaded or influenced by the materials used to refresh his recollection. *James Julian,* 93 F.R.D. at 146; *Samaritan,* 690 P.2d at 157.

The respondent argues that there are two distinctions which should shape our decision. First, Tweedy and Hale testified at a deposition, not at trial. Second, Tweedy and Hale reviewed their reports before testifying, not during their testimony.

The defendant argues that the work product and attorney-client privileges might be waived under similar circumstances at trial, but not at a deposition.[1] We disagree. The cases to which we cite from other jurisdictions found these privileges were waived under like circumstances during deposition. We, of course, are not bound by these decisions, but we find their reasoning persuasive. Furthermore, the reasons for holding the privileges waived—the need to explore the discrepancies between the reports used to refresh the witness' recollection and the witness' direct testimony and the need to uncover the extent to which the witness' testimony is influenced by the reports rather than the witness' direct memory—are as salient at a deposition as they would be at trial. It

would be sheer sophistry to suggest that waiver of the privileges can be entirely bypassed by using a report to refresh a witness's recollection before deposition, and then using the deposition, but not the report, for that purpose at trial.

Defendant seems to contend that generally opposing counsel is not entitled to inspect a document used to refresh a witness' recollection when the witness reviews the document *before testifying* rather than while testifying. The latest Missouri case which deals with the difference between documents used to refresh recollection prior to testimony and documents used to refresh recollection during testimony is *State v. Scott,* 467 S.W.2d 851 (Mo.1971). In *Scott* the court stated:

> [Opposing] counsel should be permitted to examine a paper writing from which the witness has refreshed his recollection while he is on the stand testifying, and that to refuse this is error, but this is not required where the paper writing is not produced and used at the trial, although it may have been examined by the witness previously.

*Scott* at 853.[2]

We believe this is no longer the law in Missouri. Very recently in *Callahan v. Cardinal Glennon Hospital,* 863 S.W.2d 852 (Mo. banc 1993), our Supreme Court reviewed instances of alleged attorney misconduct by the plaintiff's counsel. One of the alleged acts of misconduct was plaintiff's attorney's refusal to produce a report to opposing counsel. *Callahan* at 868. The report was withheld on the grounds of the work product privilege. *Callahan* at 868. However, during cross-examination, one of plaintiff's witnesses admitted that he used the report to refresh his recollection before he testified. *Id.* The trial court then gave the document to opposing counsel. The Supreme Court approved of the trial court's handling of the situation and, in so doing, impliedly approved the rule that opposing

---

1. In fact, in light of *Halford v. Yandell,* 558 S.W.2d 400 (Mo.App.1977), the argument that the work product and attorney-client privileges would not be waived at a trial under similar circumstances is untenable.

2. We make note of the fact that *Scott* is a criminal case decided before the advent of meaningful

criminal discovery procedures. Likely, this is the reason why there have not been any more recent challenges to this rule. Under modern criminal discovery, a defendant would already possess the kind of document which was used to refresh recollection in *Scott.*

counsel is entitled to a document used to refresh a witness' recollection before testifying, even to the extent that this negates work product protection. *Id.* at 868.

In *E.R. Carpenter Co. v. ABC Carpet Co., Inc.,* 98 Misc.2d 1091, 415 N.Y.S.2d 351 (N.Y.Sup.1979), a New York trial court considered a situation similar to the one before us. The defendant moved for an order directing the plaintiff to produce a memorandum used to refresh the recollection of a witness and reviewed by the witness prior to deposition. *Carpenter,* 415 N.Y.S.2d at 352. The court said:

> The time when the memorandum ... was referred to by the witness, whether at the trial or examination or prior thereto, would seem unimportant ... The important fact is that it was used by him to refresh his recollection and that it accomplished that purpose.

*Id.* 415 N.Y.S.2d at 353 (citation omitted). We agree.

Finally, both Barrett and the respondent argue whether Barrett showed substantial need in order to overcome the work product protection. This concern is irrelevant where the protection has already been waived.

The attorney-client and work product protection which would ordinarily be afforded to the reports in question was waived when the defendant's witnesses used the reports to refresh their recollection prior to their deposition testimony. The respondent abused his discretion by failing to grant Barrett's motion to compel.

Our preliminary order is now made absolute. Respondent is directed to sustain the motion to produce.

SMITH and CRAHAN, JJ., concur.