STATE ex rel. POLYTECH,
INC., Relator,

v.

Honorable Alphonso H. VOORHEES,
Judge, Circuit Court, St. Louis
County, Respondent.

No. 77323.

Supreme Court of Missouri,
En Banc.

March 21, 1995.

Louis J. Basso, St. Louis, for relator.

Mary M. Bonacorsi, Jennifer J. Herner, St. Louis, for respondent.

BENTON, Judge.

Polytech, Inc., sued its broker, Sedgwick James of Missouri, Inc., for not securing sufficient insurance. During his deposition, Douglas Hazel, an officer of Polytech, admitted summarizing on one page—at Polytech counsel's request—his involvement with the broker. Hazel testified that he gave the document to Polytech's attorney and later reviewed it for his deposition.

Sedgwick requested the document; Polytech objected. Sedgwick then sought to compel disclosure because Hazel used it to prepare for his deposition. On July 25, 1994,

Respondent Judge ordered Polytech "to produce the statement of Douglas Hazel as is referenced in his deposition." After unsuccessfully petitioning the court of appeals, Polytech seeks a writ from this Court, invoking the attorney-client and work product privileges. Writ made absolute. *Mo. Const. art. V, § 4.*

## I.

■ Where disclosure of "privileged material" is alleged, prohibition is available, since an erroneous disclosure "cannot be repaired on appeal." *State ex rel. Peabody Coal Co. v. Clark*, 863 S.W.2d 604, 608–09 (Mo. banc 1993); *Rule 84.22(a).*

### A.

■ The attorney-client privilege protects "confidential communications ... between an attorney and ... client" concerning representation of the client. *State ex rel. Terminal Railroad Ass'n of St. Louis v. Flynn*, 257 S.W.2d 69, 73 (Mo. banc 1953). The privilege may be invoked by either the attorney or the client, though it exists "for the benefit of the client." *State ex rel. Great American Insurance Co. v. Smith*, 574 S.W.2d 379, 385 n. 6 (Mo. banc 1978). A corporate manager is a "client" for purposes of the privilege. *State ex rel. Pitts v. Roberts*, 857 S.W.2d 200, 202 (Mo. banc 1993).

■ In this case, Hazel testified that he, as a corporate officer, drafted and delivered to Polytech's counsel a summary of his involvement with Sedgwick, and that no one other than Hazel or Polytech's counsel has seen the document. Therefore, the document is a confidential communication protected by the attorney-client privilege.

■ The work product doctrine protects the "thoughts" and "mental processes" of the attorney preparing a case. *Flynn*, 257 S.W.2d at 73. Work product includes documents prepared in anticipation of litigation. *Rule 56.01(b)(3).* In order to protect documents as work product, there must be more than a "bare allegation." *State ex rel. Faith Hospital v. Enright*, 706 S.W.2d 852, 856 (Mo. banc 1986). Counsel must have collected the document to prepare a case "for possi-

ble litigation." *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76, 80 (Mo. banc 1984), quoting *Hickman v. Taylor*, 329 U.S. 495, 505, 67 S.Ct. 385, 390–91, 91 L.Ed. 451 (1947).

■ Here, Polytech's attorney and Hazel both stated that Hazel made the written summary for counsel's use in pursuing Sedgwick. Thus, the document qualifies as work product. *Rule 56.01(b)(3).*

### B.

■ Respondent Judge argues that Polytech waived both the attorney-client and work product privileges because Hazel reviewed the document for his deposition. Respondent Judge relies on the recent case of *Barrett v. Mummert*, 869 S.W.2d 282, 285 (Mo.App.1994).

The traditional Missouri rule is that a witness need not produce a document used to refresh recollection *before* testifying. *State v. Crayton*, 354 S.W.2d 834, 837–38 (Mo. 1962); *State v. Smith*, 431 S.W.2d 74, 82 (Mo.1968); *State v. Scott*, 467 S.W.2d 851, 853 (Mo.1971). The court of appeals in *Barrett* believed "this is no longer the law in Missouri." *Barrett*, 869 S.W.2d at 284. The court of appeals held that *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 868 (Mo. banc 1993), had "impliedly approved" a requirement that a party disclose "a document used to refresh a witness' recollection before testifying, even to the extent that this negates work product protection." *Barrett*, 869 S.W.2d at 284–85.

*Callahan* does not state such a rule, even "impliedly." In that case, after a witness admitted using a document to refresh memory before testifying, opposing counsel requested and received the document. *Callahan*, 863 S.W.2d at 868. This Court, noting no objection to the disclosure, found "no error." *Id.* This Court did not discuss Missouri's refreshed recollection rule. *Id.*

The alternative to the Missouri rule is the federal rule, which permits disclosure if a witness uses a writing to refresh memory before testifying "if the court in its discretion determines it is necessary in the interests of justice...." *Fed.R.Evid. 612(2).* The fed-

eral rule has caused "uncertainty" in the federal courts, with widely varying results. *See Edna S. Epstein & Michael M. Martin, The Attorney–Client Privilege and the Work–Product Doctrine 74–75, 158–63 (2d ed. 1989); Jack B. Weinstein & Margaret A. Berger, 3 Weinstein's Evidence 612–37 to 49 (1994); 1 McCormick on Evidence 34–35, 346 (4th ed. 1992); Glenn A. Guarino, Annotation, Use of Writing to Refresh Witness' Memory, as Governed by Rule 612 of Federal Rules of Evidence, 73 A.L.R.Fed. 423, 431–438 (1985).* The federal rule weakens the attorney-client and work product privileges, both by actual disclosure and by the chilling effect of potential disclosure of documents.

The Missouri rule advances the attorney-client and work product privileges by prohibiting discretionary disclosure. When a witness uses a document to refresh recollection *while* testifying, opposing counsel may examine the part used in order to verify that the testimony is drawn "from ... memory of the facts as they occurred," not "from what [is seen] in the memorandum." *State v. Miller,* 234 Mo. 588, 137 S.W. 887, 890 (1911). "It is not the memorandum that is the evidence, but the recollection of the witness." *State v. Patton,* 255 Mo. 245, 164 S.W. 223, 226 (1914).

When a witness uses a document to refresh recollection *before* testifying, the testimony is based on personal recollection "not then aided and assisted by ... notes in hand." *State v. Miller,* 368 S.W.2d 353, 356–57 (Mo.1963). Thus, the testimony is more likely a genuine recollection, reducing the need for opposing counsel to view the document "to test its sufficiency for the purpose used." *Traber v. Hicks,* 131 Mo. 180, 32 S.W. 1145, 1147 (1895).

Several other states follow the same refreshed recollection rule as Missouri. *See 3 Wigmore on Evidence 140 n. 4 (Chadbourn rev. 1970); Annotation, Refreshment of Recollection by Use of Memoranda or Other Writings, 82 A.L.R.2d 473, 562–66 (1962).* To the extent *Barrett v. Mummert, supra,* and *State ex rel. McCulloch v. Lasky,* 867 S.W.2d 697, 699–700 (Mo.App.1993) are contrary, they are overruled. Respondent

Judge may not order Polytech to produce the Hazel summary.

*II.*

The preliminary writ of prohibition is made absolute.

All concur.