Joseph P. **BALISTRIERI**, Plaintiff,

v.

Bonnie Lynn **O'FARRELL**, a/k/a Bonnie Bramlett, and Atlantic Records, Defendants.

No. 71–C–559.

United States District Court, E. D. Wisconsin.

Dec. 22, 1972.

Atinsky, Kahn & Sicula, by Philip L. Atinsky, Milwaukee, Wis., for plaintiff.

Laikin, Swietlik & Laikin, by George J. Laikin and E. John Raasch, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action involves a claim by the plaintiff for money damages and injunctive relief because of an alleged contract violation. The plaintiff contends that the defendants conspired to cause a breach of a management agreement between the plaintiff, an attorney, and the defendant O'Farrell, a professional entertainer. The defendants challenge the enforceability of the contract on several grounds.

The plaintiff, as a deponent, refused to answer certain questions or to produce designated subpoenaed materials at an oral examination conducted by the defendants. The defendants have moved pursuant to Rule 37(a), Federal Rules of Civil Procedure, for an order compelling answers and requiring the production of those materials. A briefing schedule was established, with which the defendants complied, but the plaintiff failed to submit any authority for his objections. Thus, the motion will be resolved without the benefit of the plaintiff's brief.

■■ Objections were made by the plaintiff on the grounds of relevancy and professional privilege. Rule 26(b)(1) provides, in part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Relevancy is given a broad scope in this context. 4 Moore's Federal Practice ¶ 26.56(1), at 26–131 to 135 (1972). Professional privilege, at least in diversity cases, is largely controlled by state law. Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551 (2d Cir. 1967); Rule 43(a), Federal Rules of Civil Procedure.

In this case, the plaintiff alleges that he performed his part of the contract by maintaining offices, negotiating, obtaining engagements, and planning for the future of the defendant O'Farrell. The defendants deny these claims and assert additional defenses concerning the status and relationship of the parties. They urge, therefore, that discovery should be broad enough to allow examination as to the nature, quality and extent of the plaintiff's activities as a professional promoter and manager of entertainers. They also contend that much of the information sought from the plaintiff has been withheld on the basis of an erroneous assertion of attorney-client privilege.

■ I find the defendants' position persuasive with regard to most of the information sought. Their statements and arguments (which stand uncontradicted) reasonably suggest that the majority of their questions meet the relevancy standards of Rule 26(b)(1). Furthermore, the defendants have successfully shown that the attorney-client and work product protections of the pro-

fessional privilege may have been invoked in an attempt to shield facts and documents simply because they had been communicated and transferred to an attorney. "In this vein the courts have noted that a party cannot conceal a fact merely by revealing it to his lawyer, nor may he secrete a pre-existing document merely by giving it to his attorney." State ex rel. Dudek v. Circuit Court, 34 Wis.2d 559, 580, 150 N.W.2d 387, 399 (1967).

Item XII, as designated by the defendants, is a request to produce the plaintiff's "file pertaining to the defendants." Although there may well be properly discoverable material in that file, the breadth of the request necessitates upholding the plaintiff's claim of privilege in this instance.

Similarly, Item XXIV is an overly broad request in that it seeks to obtain the plaintiff's work product in addition to the underlying supportive materials.

Items XXXII through XXXVI are questions pertaining to the plaintiff's personal income for various years. Unlike the questions in Item XXXVII, these questions are not limited to personal income derived from his endeavors in the entertainment field. Since the plaintiff is actively engaged in the practice of law as well, his objections to these questions are well taken.

I believe that the defendants are entitled to a response as to all other questions and requests. Several of the unanswered questions are designed to determine whether certain materials exist. It is possible that some of those materials, if in fact they do exist, may properly be entitled to protection as part of the work product; however, I believe the threshold questions concerning their existence should be answered.

Therefore, it is ordered that the defendants' motion to compel answers and require production be and hereby is denied as to Items XII, XXIV, and XXXII through XXXVI; as to all other items, the motion is granted.