Charles BILISKE and Linda Biliske, Plaintiffs,

American National Bank and Trust Company of Shawnee, Additional Party Plaintiff,

Nationwide Financial Corporation of Oklahoma, Inc., Intervenor,

v.

AMERICAN LIVE STOCK INSURANCE COMPANY, a corporation, and Frank B. Aubrey, Defendants.

No. CIV–75–0958–D.

United States District Court, W. D. Oklahoma.

Jan. 12, 1977.

David R. Dickey and Steven M. Dickey, Ronald L. Howland, Oklahoma City, Okl., for plaintiffs Biliske.

George Van Wagner, Shawnee, Okl., for plaintiff American Nat. Bank and Trust Co. of Shawnee.

Herbert M. Graves, Oklahoma City, Okl., for intervenor Nationwide.

Terry W. Tippens and James D. Fellers, Oklahoma City, Okl., for defendants American Live Stock Ins. Co. and Frank B. Aubrey.

## ORDER

DAUGHERTY, Chief Judge.

This action concerns rights to proceeds from various insurance policies issued by Defendant American Live Stock Insurance Company covering horses owned by Plaintiffs Charles and Linda Biliske. Plaintiffs' Complaint alleges five Causes of Action. The first four Causes of Action seek to recover amounts allegedly due Plaintiffs from Defendant insurance company for the loss by death of horses owned by Plaintiffs and insured by Defendant insurance company. The fifth Cause of Action is for an alleged slander of Plaintiff Charles Biliske by Defendant Aubrey, an agent of Defendant insurance company. In the fifth Cause of Action, Plaintiff Charles Biliske seeks general and punitive damages from both Defendants.

Defendants deny both that Plaintiffs Biliske are entitled to recover under the insurance policies and that Plaintiff Charles Biliske was slandered. As defenses, Defendants assert that Plaintiffs Biliske are unable to recover under the insurance policies as the policies did not cover the manner in which the insured horses died and that Plaintiffs, by failing to provide proper protection and care for the horses, failed to fulfill their obligations under the insurance policies. Though admitting that Defendant Aubrey was an agent of Defendant insurance company, Defendants contend that the statement allegedly made by Defendant Aubrey was made outside Aubrey's scope of employment with Defendant insurance company and that the statement did not constitute a slander of Plaintiff Charles Biliske.

Pursuant to Rule 34, Federal Rules of Civil Procedure, Defendants filed a Request for Documents seeking to have Plaintiffs produce and permit Defendants to inspect and copy nine specified categories of documents. Defendants subsequently withdrew Request 9. Plaintiffs refused said requests, setting out the reasons for their refusal in their Response to Defendants' Request for Documents. In compliance with Local Rule 13(d), the parties have conferred in an unsuccessful attempt to resolve their differences. Defendants have filed, pursuant to Rule 37(a), Federal Rules of Civil Procedure, a Motion to Compel production of the documents requested. Defendants support said Motion with a Brief.

Plaintiffs object to Defendants' Request for Documents on the grounds of relevancy, privilege, undue burden, and insufficient identification of information sought.

Rule 26(b)(1), Federal Rules of Civil Procedure, provides, in part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Detweiler Bros., Inc. v. John Graham and Company*, 412 F.Supp. 416 (E.D.Wash.1976); *Balistrieri v. O'Farrell*, 57 F.R.D. 567 (E.D.Wis.1972). Discovery rules are to be accorded a broad and liberal treatment. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Defendants' contention is that the documents requested are relevant as they relate to one or more of the following assertions or defenses made by Defendants in this case: that Plaintiffs, either directly or indirectly, caused the deaths of the insured animals; that even though the animals were insured for sums considerably in excess of the actual market value of said animals, Defendant insurance company

would only be obligated to pay the actual market value of the lost animals; and that the financial records of Plaintiffs Biliske are relevant as said parties are claiming that their business and reputation was damaged by Defendant Aubrey's alleged slander of Plaintiff Charles Biliske. All of Defendants' requests would appear to meet the liberal relevancy standard of Rule 26(b)(1), *supra*.

■ In determining if the documents requested by Defendants are privileged, the Court must apply the same rules of privilege to discovery as it applies at trial. *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, 32 A.L.R.2d 382 (1953); *Hesselbine v. von Wedel*, 44 F.R.D. 431 (W.D.Okl.1968); Rule 1101(c), Federal Rules of Evidence. The Plaintiffs, as the party objecting to discovery, must raise the objection in the first instance and have the burden of establishing the existence of the privilege. *Lincoln American Corporation v. Bryden*, 375 F.Supp. 109 (D.Kan.1973); *International Telephone & Telegraph Corporation v. United Telephone Company of Florida*, 60 F.R.D. 177 (M.D.Fla.1973). Though Plaintiffs claim that the documents requested are privileged and confidential, there is no showing by said parties that any of the documents requested are entitled to a privilege under either federal or state law. Plaintiffs' bald assertion that production of the requested documents would violate a privilege is not enough. The Court will not be persuaded that the documents are privileged until some facts have been alleged. *Camco, Incorporated v. Baker Oil Tools, Inc.*, 45 F.R.D. 384 (S.D.Tex.1968). Accordingly, the Court concludes that the categories of documents requested by Defendants are not privileged and, thus, are subject to discovery.[1]

■ Defendants are requesting that Plaintiffs produce documents dating back to 1970. The Court recognizes that the production of these documents will undoubtedly be an inconvenience to Plaintiffs. But the mere fact that production would be onerous or inconvenient is not, per se, grounds for denial of a Rule 34 request. Hardship upon the producing party does not necessarily justify denial of the request. *United States v. American Optical Company*, 39 F.R.D. 580 (N.D.Cal.1966); *Rockaway Pix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 36 F.R.D. 15 (E.D.N.Y.1964).

As Plaintiffs are claiming damages of one million dollars for the alleged slander, including $500,000 general damages and $500,000 punitive damages, Plaintiffs are not in a strong position to complain of burdensome requests. Rule 26(b)(1), Federal Rules of Civil Procedure, permits Defendants to obtain the production of documents "if the information sought appears

---

1. Defendants' Request 2 seeks the production of "[a]ll tax returns and related documents of Charles Biliske and/or Linda Biliske since 1970." Tax returns do not enjoy an absolute privilege from discovery. *St. Regis Paper Company v. United States*, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961); *Premium Service Corporation v. Sperry & Hutchinson Company*, 511 F.2d 225 (Ninth Cir. 1975); *Matchen v. McGahey*, 455 P.2d 52 (Okl.1969). Where the litigant himself tenders an issue as to the amount of his income, there is no privilege against disclosure of his tax returns and they become legitimate subjects of inquiry under discovery procedure. *Matchen v. McGahey, supra*; Rules 26(b), 34, Federal Rules of Civil Procedure; Annot., 70 A.L.R.2d 240 (1960). As Plaintiff Charles Biliske herein alleged that he had been "severly [sic] damaged by said slanderous statements [of Defendant Aubrey] to his person and to his business entitling him to judgment against the defendants for general and punitive damages," his income thus became an issue in litigation and a legitimate subject of inquiry under discovery procedure.

The Court recognizes that a public policy against the unnecessary public disclosure of tax returns indicates that a Court should not require the production of tax returns where the information sought is readily obtainable by other means or from other sources. *Federal Savings and Loan Insurance Corporation v. Krueger*, 55 F.R.D. 512 (N.D.Ill.1972); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y. 1964). As Plaintiff has not shown to the Court that the information sought therein is readily obtainable by other means or from other sources, the tax returns of Plaintiff Charles Biliske are to be produced and Defendants are to be permitted to inspect and copy said documents.

 

reasonably calculated to lead to the discovery of admissible evidence."

■ Defendants' Request 3 seeks to have Plaintiffs produce "All correspondence received by Plaintiffs from any person within that six month period immediately proceeding [sic] July 8, 1975." The Court feels that an insufficient showing has been made to justify the production of all correspondence within the six month period, whether the correspondence relates to the subject matter of this action or otherwise. Rule 34, Federal Rules of Civil Procedure, requires that there be a designation of the documents whose production is requested. Where Defendants request all correspondence within a six month period without a sufficient showing that such is relevant and without designating the documents desired with reasonable particularity, said request is overly broad. See *Wharton v. Lybrand, Ross Bros. & Montgomery,* 41 F.R.D. 177 (E.D.N.Y.1966); *Haleiwa Theatre Co. v. Forman,* 37 F.R.D. 62 (D.Hawaii 1965).

In view of the foregoing, Defendants' Motion to Compel production of documents is sustained as to Requests 1, 2, 4, 5, 6, 7 and 8. Said Motion is overruled with regard to Request 3.

Plaintiffs are to produce the requested documents indicated in Requests 1, 2, 4, 5, 6, 7 and 8 at the office of Defendants' counsel in Oklahoma City, Oklahoma on January 21, 1977 at 10:00 a. m. Defendants are to have a reasonable time to inspect the documents to include a succeeding business day until discovery has been completed or at such other time or times as may be mutually agreed upon between the parties.