**SECURITIES AND EXCHANGE COMMISSION, Petitioner,**

v.

**DRESSER INDUSTRIES, INC., Respondent.**

**Misc. No. 78–141.**

United States District Court, District of Columbia.

June 30, 1978.

Marvin G. Pickholz, Robert E. Anderson, Arthur M. Schwartzstein, Securities and Exchange Commission, Washington, D.C., for petitioner S.E.C.

Thomas F. Bridgman, Chicago, Ill., Edward E. Dyson, Baker & McKenzie, Washington, D.C., for respondent Dresser Industries, Inc.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

This matter comes before the court on the SEC's motion for an order requiring obedience to its subpoena *duces tecum* issued to Dresser on April 21, 1978 and Dresser's motion to quash the subpoena. The subpoena was issued in furtherance of an SEC investigation concerning the use of Dresser's corporate funds in connection with questionable foreign payments and the accuracy of Dresser's reporting of these payments in public statements and filings with the Commission. Although there are two issues that need to be explored, it generally can be said that Dresser's objections are without merit.

Dresser alleges that the subpoena should be quashed because: 1) the Commission exceeded its authority; 2) the SEC is breaching its commitments of confidentiality to Dresser; 3) there is impropriety in the simultaneous investigations by the SEC and the Department of Justice; 4) the SEC cannot provide Dresser with adequate assurances of confidentiality; 5) certain documents are protected by the attorney-client privilege; 6) the subpoena seeks documents that are not relevant to the investigation; and 7) the subpoena is unduly vague and burdensome.

■ Dresser contends that the SEC has exceeded its authority by violating its regulations. Dresser cites 17 C.F.R. § 202.5 which states that the Commission may order a formal investigation when there is a "likelihood that a violation has been or is about to be committed." Dresser claims that there is no likelihood that a violation has been committed and alleges that the SEC staff has not informed it of any violation. The Commission has issued a formal order of investigation and that is all that is required by the regulation. Despite Dresser's contentions and regardless of the alleged representations by the SEC staff, it is evident that the Commission was of the opinion that there is a likelihood of a violation. *See In the Matter of Dresser Industries, Inc.,* File No. HO–1089 (SEC Order of Apr. 11, 1978). The Commission's determination is entitled to great deference and the court will allow the investigation to proceed.

■ Dresser's second claim concerning commitments of confidentiality was adequately addressed in its motion for leave to obtain discovery. Throughout the voluntary disclosure program the SEC reserved its rights to pursue a formal investigation and issue subpoenas if necessary. It is readily apparent that the SEC never agreed to completely forego its rights to subpoena the material in question. Furthermore, there is no indication that the SEC has proceeded in bad faith. Finally, Dresser's claim that it has been denied due process is clearly without merit.

■ Dresser's third ground for objection raises serious claims of impropriety concerning the simultaneous investigations by the SEC and the Department of Justice. Dresser continually asserts that the SEC has referred this matter to the Justice Department for a criminal investigation. If this in fact occurred, civil discovery by the SEC after a referral for criminal investigation might be improper. *See United States v. LaSalle National Bank,* —— U.S. ——,

—————, 98 S.Ct. 2357, 2362–2368, 57 L.Ed.2d 221 (1978); *Donaldson v. United States*, 400 U.S. 517, 536, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The SEC, however, has repeated its earlier statement that the two investigations began and are being conducted independently. The SEC did not refer the matter to the Justice Department or recommend that a criminal investigation be opened. Although the Justice Department has been granted access to SEC investigatory files, the SEC has assured the court that the materials obtained through civil discovery are not being systematically given to the Justice Department. Unlike the situation in *United States v. LaSalle National Bank*, where the investigation was solely in furtherance of a criminal prosecution, the SEC's subpoena at issue here is in furtherance of a civil investigation. —— U.S. at ——, ——, 98 S.Ct. at 2359, 2363, *see SEC v. United Brands Co.*, 1975–76 Fed.Sec.L. Rep. (CCH) ¶ 95,357, at 98,755 (S.D.N.Y. 1975). The fact that a criminal prosecution may still result and that information obtained through this subpoena may be utilized in a criminal proceeding does not render this subpoena unenforceable. *See Donaldson v. United States*, 400 U.S. 517, 532–36, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *SEC v. United Brands Co.*, CA No. 75–509, 1975–76 Fed.Sec.L.Rep. (CCH) ¶ 95,773 (D.D.C. 1975); Foreign Corrupt Practices Act of 1977, 91 Stat. 1494; S.Rep. No. 114, 95th Cong., 1st Sess. 11–12, *reprinted in* [1977] U.S. Code Cong. & Ad. News, pp. 4098, 4109–10; Securities Exchange Act of 1934 § 21(d), 15 U.S.C. § 78u(d) (1976). It appears that the subpoena is perfectly proper because the SEC is pursuing, in good faith, its congressionally-authorized duties. This investigation has a legitimate purpose and the inquiry is relevant to that purpose. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

■ Another related issue is the use of SEC attorneys by the Justice Department. Apparently several SEC attorneys have been assigned to the Justice Department to assist in the criminal investigation. The court has been assured that the attorneys assigned to the Justice Department are not involved in the SEC's civil investigation. The court, however, will remind the SEC that strict ethical standards should be maintained in order to avoid the appearance of impropriety.

■ Dresser's fourth ground for objection is the alleged inadequacies of the SEC's assurances of confidentiality. The SEC has indicated that Dresser will be given the opportunity to proceed administratively to have the material it submits exempted from Freedom of Information Act disclosure. Furthermore, the Commission has offered to give Dresser ten days notice in the event that there is a FOIA request and the SEC determines the material is not exempt and must be disclosed. These assurances of confidentiality are adequate and Dresser is entitled to no more. Dresser has cited no authority for its contention that it is entitled to greater confidentiality than that provided by the Freedom of Information Act. In any event, even if Dresser is entitled to additional protection, it will have the opportunity to obtain such protection when it receives the ten days notice prior to release.

■ Dresser also contends that the subpoena seeks information protected by the attorney-client privilege. Certainly not all of the material sought is privileged. Dresser's claim of the privilege is vague and conclusory. Dresser has failed to show how any specific materials are subject to the privilege and, particularly, how any materials were generated for the purpose of securing legal advice. *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601–02, 609 (8th Cir. 1977); *United States v. Upjohn*, Stand.Fed.Tax.Rep. (CCH) 78–1 U.S. Tax Cas. ¶¶ 9277 at 83,600–603, 9437 at 84,152 (W.D.Mich. April 28, 1978). Additionally, in reference to the investigative report, disclosure of part of the report waived the privilege, if there in fact was one. *United States v. Upjohn, supra*, 78–1 U.S. Tax Cas. ¶ 9277, at 83–603; *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26, 46 (D.Md.1974).

■ Dresser asserts as its sixth objection that the documents sought by the SEC are irrelevant to its investigation. In essence, Dresser contends that it should determine what is material and relevant to the SEC's investigation and Dresser concludes that the information sought is neither material nor relevant. It appears from the SEC's application for an order requiring compliance with its subpoena, however, that the documents sought are reasonably relevant to a proper inquiry. *FTC v. Texaco, Inc.,* 180 U.S.App.D.C. 390, 403, n. 23, 555 F.2d 862, 873 n. 23 (en banc), *cert. denied,* 431 U.S. 974, 97 S.Ct. 2939–40, 53 L.Ed.2d 1072 (1977).

■ Finally, Dresser contends that the subpoena is unduly vague and unreasonably burdensome. In support of its assertions Dresser cites a phrase from the subpoena, taken out of context, and alleges that the phrase could be interpreted to require the production of voluminous materials concerning routine legitimate and lawful expenditures. Dresser also contends that it will be required to produce blueprints, engineering drawings, and other routine business documents. The scope of the subpoena is clear and Dresser's attempts to misinterpret the subpoena so as to make it appear unreasonable will be rejected. The subpoena is not unduly burdensome or unreasonably broad. *See FTC v. Texaco, Inc., supra,* 180 U.S.App.D.C. at 410, 555 F.2d at 882. Therefore, the motion to quash the subpoena will be denied and an order entered requiring obedience to the subpoena.

Therefore, in accordance with the memorandum opinion above, upon the application of the Securities and Exchange Commission pursuant to Section 22(b) of the Securities Act of 1933 [15 U.S.C. § 77v(b)], Section 21(c) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(c)] for an Order requiring the Respondent to appear before duly designated officers of the Securities and Exchange Commission to produce documents in connection with a private investigation *In the Matter of Dresser Industries, Inc.* in accordance with a subpoena duly issued and served by the SEC upon said respondent, and it appearing to the court from the application for an order to require obedience to subpoena, the other papers and documents filed in support thereof, and Dresser's response thereto, that respondent refused to testify and to produce said documents fully and completely as required by said subpoena served upon it without good cause, it is hereby

ORDERED that the Application for an Order to Require Obedience to Subpoena is hereby granted and that the respondent Dresser Industries, Inc. appear and testify and produce documents concerning the matter under investigation, including any and all questionable foreign payments and matters not clearly irrelevant to this investigation, as required by the subpoena issued by the Securities and Exchange Commission. Dresser Industries, Inc. shall appear and so testify and produce upon ten days notice at a place and time designated by the SEC; and it is further

ORDERED that Dresser's motion to quash the SEC's subpoena *duces tecum* be, and the same hereby is, denied.