R. J. HERELEY & SON COMPANY, an Illinois Corporation, and Daniel R. Hereley, Plaintiffs,

v.

STOTLER & COMPANY, a partnership, Defendant.

No. 77 C 4808.

United States District Court, N. D. Illinois, E. D.

May 20, 1980.

Joel J. Bellows, Bellows & Associates, Chicago, Ill., for plaintiffs.

Sari S. Escovitz, Richard C. Ruschman, Richard J. Cochran, Michael J. Smith, Tenney & Bentley, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This action arises under the Commodity Exchange Act, 7 U.S.C. § 1 et seq. R. J. Hereley & Son Company (Hereley & Son), and its president, Daniel R. Hereley (Hereley), brought this action against Stotler & Company (Stotler) alleging commodity fraud, breach of contract, common law fraud, negligence and breach of fiduciary duties. Currently before the Court is Stotler's motion to compel production of a memorandum prepared by Hereley (Hereley Memorandum).

The facts are undisputed. Hereley & Son opened a commodity trading account with Stotler in 1973. In 1977, when the account sustained substantial losses, Hereley consulted with James Green, his attorney, about suing Stotler. After the consultation, Hereley prepared a memorandum for Green detailing Hereley & Son's relationship with Stotler.

Shortly after the Hereley Memorandum was prepared, a settlement meeting was held, attended by Hereley, Green, two Stotler partners and Stotler's attorney. At this meeting, Green relied on the Hereley Memorandum to "refresh his recollection." Green also read portions of the memorandum aloud, and, at one point, handed it to one of Stotler's representatives for perusal. Hereley Affidavit, pars. 6, 7 and 8.

Hereley objects to discovery of his memorandum on the grounds that it is protected by the attorney-client privilege. Relying on *IBM Corp. v. Sperry Rand Corp.*, 44 F.R.D. 10 (D.Del.1968) and *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26 (D.Md.1974),

Hereley argues that partial disclosure at the settlement meeting does not waive the attorney-client privilege with respect to the rest of the memorandum. Hereley alleges that he never intended to disclose the entire document.

In contrast, Stotler asserts that Hereley's voluntary disclosure of part of the memorandum constitutes a waiver of the privilege with respect to the entire document. It claims that, despite Hereley's intention, voluntary disclosure of the privileged communication waives the attorney-client privilege by implication. Finally, Stotler maintains that neither *IBM Corp. v. Sperry Rand Corp.*, 44 F.R.D. 10 (D.Del.1968), nor *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26 (D.Md.1974), held that the attorney-client privilege protects the undisclosed part of a document once another part of the document has been disclosed.

Stotler correctly states the law. It is well-settled that voluntary disclosure of a portion of a privileged communication constitutes a waiver with respect to the rest of the communication on the same subject. *Securities and Exchange Commission v. Dresser Industries, Inc.*, 453 F.Supp. 573 (D.D.C.1978). *See also, Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926 (N.D. Cal.1976); *International Telephone and Telegraph Corp. v. United Telephone Company of Florida*, 60 F.R.D. 177 (M.D.Fla.1973). Moreover, even if the privilege is applicable to protect the undisclosed part of the memorandum, the privilege was waived by Green's use of the memorandum to refresh his recollection. *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972).

Accordingly, defendant's motion to compel production of the Hereley Memorandum is granted.