RATES TECHNOLOGY, INC., Plaintiff,

v.

ELCOTEL, INC., et al., Defendants.

No. 86–1481–CIV–T–13(B).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 15, 1987.

■

William J. Dunaj, Felice K. Schonfeld, Mershon, Sawyer, Johnson, Dunwody & Cole, Miami, Fla., Thomas M. Gibson, Hedman, Gibson, Costigan and Hoare, New York City, for plaintiff.

David W. Pettis, Jr., Pettis & McDonald, Tampa, Fla., Sumner C. Rosenberg, Needle & Rosenberg, P.C., Atlanta, Ga., for defendants.

## ORDER

THOMAS G. WILSON, United States Magistrate.

THIS CAUSE came on for consideration upon Plaintiff's Motion to Compel Production of Documents.

The plaintiff first seeks production of the September 10, 1986, letter defendant Elcotel, Inc. received from its patent litigation attorney, Sumner Rosenberg. The defendant refuses to produce the letter on the grounds of the attorney-client privilege and the work product doctrine.

■ The plaintiff does not contest the applicability of the attorney-client privilege and the work product doctrine to the letter. Rather, the plaintiff contends that the defendant has waived the protection of the privileges. Because there is no dispute that the privilege and the doctrine apply to the disputed document, it is up to the plaintiff to show that there has been a waiver. *See International Telephone and Telegraph Corporation v. United Telephone Company of Florida,* 60 F.R.D. 177 (M.D.Fla.1973).

The plaintiff argues that statements made to *Payphone Magazine* ("the magazine") by one of the defendant's employees resulted in the waiver. The magazine printed an article entitled, "Rates Technology Claims Patent Violations," in its September/October 1986 issue concerning various patent infringement claims asserted by Rates Technology, Inc., the plaintiff in this case. *See* Defendant's Response to Plaintiff's Motion to Compel Production of Documents, Exhibit 2. The article contains a number of references to and quoted statements by the president of Rates Technology, Inc. regarding the purpose and viability of the corporation's claims. The last page of the article addresses the viewpoint of some of the defendants named in Rates Technology, Inc.'s pending lawsuits. At the end of this page, Elcotel, Inc. is identified as a manufacturer threatened with legal action by Rates Technology.[1]

Nick Branica, a sales manager of the defendant, made the disputed statements. The pertinent portion of the article reads:

> "Our patent counsel has determined that we are not in violation" of the Rates Technology patent, he said. "The technique he has patented is markedly different from ours."

*Id.* at p. 5.

Several factors militate against a finding that the foregoing statements resulted in a waiver of the attorney-client privilege. First, Mr. Branica had not been advised of the contents of the letter. *See* Defendant's Response to Plaintiff's Motion to Compel Production of Documents, Declaration of Nicholas A. Branica, Jr., Exhibit 1. In fact, Mr. Branica made his statements to the magazine interviewer in June 1986, two months prior to the date the September 10 letter was drafted. In addition, Mr. Branica had never met with or spoken to defendant's attorney, Sumner Rosenberg. *Id.* Thus, it appears that Mr. Branica was not even privy to the disputed attorney-client communications so as to be in a position to disclose the communications. The statements made by Mr. Branica are, furthermore, innocuous. They simply reveal the general, ultimate conclusion that the defendant does not consider itself in violation of the plaintiff's patent.[2]

---

1. Evidently, this case had not yet been filed when the article was written.

2. The defendant has quoted a portion of the opinion in *Bose Corporation v. Linear Designed Labs, Inc.,* 186 U.S.P.Q. 93 (S.D.N.Y.1975) in its memorandum. *See* Defendant's Response to Plaintiff's Motion to Compel Production of Documents, p. 4. The portion included in the de-

In addition, contrary to the plaintiff's argument, the second sentence of the statement does not reveal a significant aspect of the communication. In a patent infringement case, the conclusion stated in the second sentence is virtually synonymous with that stated in the first sentence. Lastly, an *in camera* review of a copy of the September 10 letter submitted by the defendant reveals the insignificance of Mr. Branica's statements. The statements clearly do not reveal the essence of the substantive communications in the letter. *See United States v. O'Malley*, 786 F.2d 786, 793–94 (7th Cir.1986); *International Telephone and Telegraph Corporation v. United Telephone Company of Florida*, *supra*, at 185–86; *R.J. Hereley and Son Company v. Stotler and Company*, 87 F.R.D. 358 (N.D.Ill.1980); *see also* 8 Wright and Miller, *Federal Practice and Procedure* § 2016 (1970).

In light of the conclusion that the letter is protected by the attorney-client privilege, it is not necessary to consider the applicability of the work product doctrine.

■ The plaintiff also seeks production of the defendant's computer program. The defendant refused to produce and permit copying of the entire program on the ground that portions of the program are irrelevant and contain sensitive information. The defendant proposed, however, that the plaintiff inspect the entire program and indicate the portions it considers responsive and relevant. The defendant could then either produce the requested portions or raise any objections in an appropriate motion. The plaintiff declined the defendant's proposal.

The defendant's suggestion is extremely reasonable. It not only allows the defendant to preserve any objections it may have to producing specific portions of the computer program, but it also enables the plaintiff to view the entire program so that it may, if appropriate, intelligently challenge the defendant's objections. And, as a practical matter, it is possible that, after reviewing the program, the plaintiff may agree with the defendant that production of the entire program is unnecessary and inappropriate. Accordingly, if the plaintiff still seeks production of the computer program, it must pursue the defendant's proposal.

■ It is noted that the defendant urges that the plaintiff's rejection of the offer to inspect the computer program constituted a failure to comply with Local Rule 3.04(a), warranting denial of the motion and imposition of expenses and fees. Local Rule 3.04(a) requires that counsel for the movant confer in good faith with opposing counsel before filing a motion to compel. It does not require that one party accept the other party's proposal, even though the proposal might later be found to be reasonable. Plaintiff's attorney submitted a certificate of compliance with the local rule with the plaintiff's motion. The defendant does not contend that plaintiff's counsel did not discuss the dispute with its attorney and attempt to resolve the matter. There is no indication that plaintiff's attorney did not confer in good faith. Thus, it appears that the requirements of the rule have been met.

■ The defendant seeks expenses, including reasonable attorney's fees, in connection with the opposition to the motion. Rule 37(a)(4), F.R.Civ.P., provides that if a motion to compel is denied, the moving party shall be required to pay the reasonable expenses, including attorney's fees, incurred by the opponent, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. In my view, the motion raised two issues upon which the parties could legitimately and reasonably disagree. Thus, the motion was substantially justified, and no expenses will be awarded.

It is, therefore, upon consideration

ORDERED:

1. That Plaintiff's Motion to Compel Production of Documents be, and the same is hereby DENIED.

fendant's memorandum is particularly pertinent here.

2. That, in connection with further proceedings in this case, the following provisions shall apply:

That before filing any motion to compel pursuant to Rule 37, F.R.Civ.P., the parties shall follow the requirements of Local Rule 3.04(a). In addition, motions to compel discovery pursuant to Rule 37, F.R.Civ.P., on the ground that discovery was insufficient, shall (1) quote in full each interrogatory, question on deposition, request for admission or request for production to which the motion is addressed; (2) quote in full the answer or response which is asserted to be insufficient; and (3) state the reasons the answer is insufficient and the motion should be granted.

