Margaret W. RAUH, Plaintiff,

v.

Marshall B. COYNE, et al., Defendants.

Renate BOTTALICO, et al., Plaintiffs,

v.

Marshall B. COYNE, et al., Defendants.

Civ. A. Nos. 88–0833(HHG),
89–1049(HHG).

United States District Court,
District of Columbia.

May 2, 1990.

See also, 744 F.Supp. 1186.

David H. Shapiro, Kator, Scott & Heller, Washington, D.C., for plaintiff Rauh.

Winn Newman, Lisa Newell, Eric Hard, Eric Steele, Newman & Newell, Washington, D.C., for Bottalico plaintiffs.

Allen G. Siegel, Stephan J. Boardman, Henry Morris, Jr., Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for Coyne defendants.

Daniel M. Clements, Israelson, Salsbury, Clements & Bekman, Baltimore, Md., Special Counsel for defendant Marshall Coyne.

Richard Huber, Washington, D.C., for defendant Wlodawsky.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

A number of motions are pending in these cases which the parties believe should be decided expeditiously because their disposition will control the length and timing of discovery and the timing of the trial.[1]

### A. Defendants' Motion in Limine

Defendants have filed a motion in limine regarding the admissibility of several categories of evidence, and plaintiff has filed an opposition. The Court has considered the papers, and it has come to the following conclusions with regard to this motion.

---

1. Joint Statement Regarding Status of Consolidated Cases at 5.

### 1. Evidence of Discrimination Against Black Employees

■ Plaintiff, who claims discriminatory discharge from her position on account of sex and marital status, wishes to introduce at trial evidence of alleged animus by defendants against black employees and customers. Defendants' motion in limine is directed at that proposed action. Upon a review of the precedents cited by the two parties, many of which deal with issues at variances with those here, the Court has concluded that it will not admit evidence regarding alleged racial discrimination, both because such evidence would not be relevant within the meaning of Federal Rule of Evidence 401 and because it would cause unfair prejudice outweighing any probative value. Rule 403.

Under the standard test of relevancy, evidence is deemed relevant if it has a tendency to make any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. *See* Rule 401. There is little reason in common experience to infer that an employer who discriminates against blacks in his employment decisions is also likely to discriminate against women. To be sure, such a correlation does exist in some situations—as plaintiff points out, some employers discriminate against everyone who is not a white male—but this is not the normal experience. Discrimination against blacks has an entirely different history in this country in general and in geographical sections and particular industries than has discrimination against women.

In view of the weak correlation between the two types of discrimination, the proposed evidence against black employees would be likely to be of little probative value but it would have very great potential for prejudice. *See, e.g., Schrand v. Federal Pacific Electric Co.,* 851 F.2d 152, 156 (6th Cir.1988); *Steinberg v. St. Regis Sheraton Hotel,* 583 F.Supp. 421 (S.D.N.Y. 1984).[2] With respect to this evidence, the motion in limine will accordingly be granted.

### 2. Subsequent Acts of Sexual Harassment

■ Defendants also seek to bar testimony of complaints of sexual harassment at defendants' establishment that were made after plaintiff was removed. These complaints occurred within a relatively short period of time (fifteen months) after her firing. Furthermore, while, to be sure, the particular manager who allegedly was involved in these subsequent activities was someone other than the person who allegedly discriminated against plaintiff, defendant Coyne, the principal in the hotel and the corporations, remained at his post, and he was apparently the ultimate decisionmaker in all the incidents. Such subsequent incidents, as long as they are not remote in time will therefore be admitted, and to that extent the motion will be denied.

### 3. Defendants' Statement at Unemployment Office

■ At a proceeding at an unemployment compensation office, defendants' attorney stated that plaintiff Rauh had not been discharged for misconduct.[3] A tape recording exists of this statement, and defendants ask that plaintiff be prohibited from using it.

Defendant Coyne had stated during discovery in this lawsuit that plaintiff was discharged for insubordination, a term that falls broadly within the definition of "misconduct" under District of Columbia employment compensation law. *See* D.C.Code § 46–111(b)(2) (1981). Whatever defen-

---

**2.** This is not a case such as *Abramson v. American University,* 1988 WL 152020, 1988 U.S. Dist. LEXIS 15818, 48 CCH EPD 38,439 (D.D.C.1988), where the basis for the discrimination as between the plaintiff (Jewish and Eastern European origin) and the proposed witnesses (Muslim, Black and Belgian), was similar, in a context where the university dean was seeking to reimpose a Christian ethnic and homogeneous faculty that excluded those who were not White, Christian, and Anglo–Saxon in origin.

**3.** This matter came up in the course of defendants' contest of plaintiff's application for benefits, with defendants suggesting that she was self-employed.

dants' current explanations and excuses, it seems clear that, if only on the basis of the doctrine of collateral estoppel, they should be barred from now claiming that their statement should not be admitted. That statement is an admission of a party-defendant, and it is relevant to the issue of pretext. The motion to exclude this tape will be denied.

### 4. Plaintiff's Performance at Jobs Before and After Her Employment With Defendants

■ Defendants are requesting a ruling by the Court in limine that testimony from colleagues and friends of plaintiff concerning her job performance before and after her employment at defendants' establishment will not be admissible. Plaintiff asserts that such evidence is both probative of the credibility of defendants' articulated reasons for her discharge, and is not inadmissible as general character evidence under Rule 404(a) of the Federal Rules of Evidence. The evidence will not be admitted.

While such evidence would have some slight probative value, bearing upon her performance for defendants, that probative value is far outweighed by other considerations. In the first place, the jobs are not directly comparable: plaintiff was Vice President of Marketing (for defendants' hotels) versus her position at the Cosmetics, Toiletries and Fragrances Association (before the position at issue here) and as a meeting planner (following her discharge by defendants). Second, Rule 404(a) provides that evidence of a "person's ... trait of character is not admissible for the purpose of proving action consistent therewith on a particular occasion." Third, if plaintiff's proposal were accepted, the trial of this case would, of necessity, become vastly complicated with the taking of evidence pro and con her performance in the various jobs she held prior to and after her discharge here—an undertaking that would confuse the issues and increase unjustifia-

ble expense and delay. Federal Rules of Evidence 102, 403.

### B. Plaintiff's Motion in Limine

■ Plaintiff has moved to preclude all but eight of defendants' witnesses from testifying at trial, a motion defendants oppose.

In response to plaintiff's discovery requests, defendants named two individuals as potential witnesses, and these persons were accordingly deposed by plaintiff. Before the close of discovery, defendants, in further answer to plaintiff's interrogatory, named four additional witnesses, who were also deposed by plaintiff. Following the close of discovery, defendants submitted a pretrial statement which listed sixteen additional witnesses. Since discovery had closed, plaintiff was precluded from deposing these new witnesses,[4] and she requests that defendants be precluded from using them at trial. That request will be granted.

Defendants concede that if plaintiff had asked for the "identity and location of any persons having knowledge of any discoverable matter," they would have been obligated to provide a list of such potential witnesses; but they claim that because plaintiff in its interrogatories asked them to "identify each witness defendants intend or plan to call on their behalf at the trial of this case," they were not required to furnish a list of its witnesses, actual or potential. In short, defendants blame plaintiff for the problem because she "did not ask the right question." Memorandum in Response at 3. In the view of the Court, plaintiff did ask the proper question, even if it was not in the form that defendants would have preferred. In any event, this Court does not intend to have either party proceed in this litigation on the basis of this kind of game-playing.[5] Plaintiff asked for the witnesses; defendants did not respond as required; and the Court will as a sanction preclude defendants from calling

---

**4.** One or two proposed witnesses were deposed on different bases (e.g., they were witnesses for both sides).

**5.** To furnish the names to plaintiff at pretrial, after discovery had closed, was as efficacious as not to furnish the names at all.

the additional witnesses they did not identify prior to pretrial. *See Bailey v. Container Corp. of America*, 660 F.Supp. 1048, 1051–52 (S.D.Ohio 1986).

## C. Bottalico's Motion to Compel

Plaintiffs [6] have served requests for the production of documents on defendants, the defendants have filed objections, and eventually there was a motion to compel, with briefs from both sides. In their papers, plaintiffs seek all documents relating to the investigation of the June 2, 1988 incident prepared before June 22, 1988, the date plaintiff Bottalico filed charges of sex discrimination. Additionally, plaintiffs seek the documents relating to an investigation of alleged misconduct by defendant Wlodawsky conducted in March 1989, following the Bottalico investigation but before Wlodawsky's discharge. Defendants assert that these papers are protected by the attorney-client and work product privileges. The Court agrees.

■ The initial investigation was undertaken by Joanne Ochsman, an attorney in the Arent Fox law firm, in response to Bottalico's complaint that Wlodawsky had sexually assaulted her. Plaintiffs assert that documents prepared by Ms. Ochsman and the defendants' private investigator prior to June 22, 1988 (the date plaintiff Bottalico filed administrative charges with the EEOC) were not prepared in anticipation of litigation and are therefore not immune from discovery under Rule 26(b)(3), Fed.R.Civ.P.

■ It is clear, however, that the Rule extends to material prepared and collected before litigation actually commences. *See In re Grand Jury Investigation*, 599 F.2d 1224, 1229 (3rd Cir.1979); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 627 (D.D.C.1979); C. Wright and A. Miller, *Federal Practice and Procedure* § 2024 at 198 (1970). At the time of the investigation,

the defendants were defending a sex discrimination suit by a former employee, and they recognized that the Bottalico claim exposed them to additional legal liability and litigation.[7] There is no question but that the investigation was conducted in anticipation of litigation.

■ As for the materials sought in connection with defendants' investigation of Wlodawsky, the same result follows. At the time defendants heard of reports regarding that individual's alleged affair, plaintiffs were bringing legal actions, and defendants were still involved in the Rauh sex discrimination suit. The investigation of Wlodawsky had a direct bearing on possible additional litigation, and it is therefore protected.

■ The privilege was not waived merely because defendants' disclosed counsel's conclusion that the investigation could not determine the truth of Bottalico's allegations. *Rates Technology, Inc. v. Elcotel*, 118 F.R.D. 133 (M.D.Fla.1987); *Bose Corp. v. Linear Design Labs, Inc.*, 186 U.S.P.Q. (BNA) 93 (S.D.N.Y.1975); *In re Dayco Corp. Derivative Securities Litigation*, 99 F.R.D. 616 (S.D.Ohio 1983).

■ Finally, the Court rejects plaintiffs' request based on the assertion that they have a "compelling need" for the documents. Plaintiffs are free to question all the individuals who were interviewed by Ms. Ochsman.[8] While it might be more convenient for plaintiffs to rely on the work of defendants' counsel, that element of convenience is not sufficient to overcome either the attorney-client or the work product privilege. *Upjohn v. United States*, 449 U.S. 383, 398, 101 S.Ct. 677, 687, 66 L.Ed.2d 584 (1981). As the Supreme Court said in that case, quoting from *Hickman v. Taylor*, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947),

> "[d]iscovery was hardly intended to enable a learned profession to perform its

---

**6.** This apparently includes both Rauh and Bottalico.

**7.** Further, defendants had not previously requested a law firm to conduct such an investigation.

**8.** Indeed, they have already interviewed some of them.

functions ... on wit borrowed from the adversary."

*Id.*

For the reasons stated, it is this 1st day of May, 1990 ORDERED that:

1. Plaintiff may not introduce evidence of defendants' discrimination, if any, against blacks;

2. Plaintiff may adduce evidence of sexual harassment of female employees by defendants' agents occurring within fifteen months of her discharge;

3. Evidence concerning defendant's statement at the unemployment compensation office will be admitted;

4. Plaintiff may not adduce evidence from her friends or colleagues regarding her work performance prior or subsequent to her employment by the defendants;

5. Plaintiff's motion in limine to preclude a number of defendants' witnesses from testifying is hereby granted;

6. Plaintiffs' motion to compel the production of documents over attorney-client and work product objections is denied.