**SHEARSON LEHMAN HUTTON, INC., Plaintiff,**

v.

**Alex S. LAMBROS, Jr., and Robert L. Swats, Defendants,**

v.

**Rudolph HLAVEK, Third Party Defendant.**

**No. 89–157–CIV–FTM–15C.**

United States District Court, M.D. Florida, Fort Myers Division.

Sept. 24, 1990.

N. James Turner, Buso & Turner, P.A., Orlando, Fla., for plaintiff.

Peter J. Aldrich, Broome, Kelly & Aldrich, P.A., West Palm Beach, Fla., for defendants.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of plaintiff's Motion to Compel Production of Documents (Dkt. 41), filed August 6, 1990, and Motion to Compel Answers to Interrogatories (Dkt. 42), filed August 10, 1990. Defendants filed their Response to plaintiff's Motion to Compel Production of Documents (Dkt. 44) on August 10, 1990, and their Response to plaintiff's Motion to Compel Answers to Interrogatories (Dkt. 45) on August 20, 1990. For the reasons set forth below, the undersigned grants plaintiff's motions.

Plaintiff requested production of defendants' federal income tax returns for the three years previous to the May 15, 1990 filing date. Specifically, plaintiff sought production of:

1. Copies of Federal Income Tax Returns (Form 1040) filed by Alex S. Lambros, Jr. and Robert L. Swats for each of the past three (3) years whether the same were filed individually or jointly with anyone else.

(Dkt. 41 App. A).

Defendants responded as follows:

1. Objection. The Federal Income Tax Returns of Alex S. Lambros, Jr. and Robert L. Swats are irrelevant to the above-captioned lawsuit. The tax returns themselves are irrelevant and will not lead to the discovery of other admissible evidence. Further, the information con-

tained within said returns is private information.

(Dkt. 41 App. B).

Additionally, seeking discovery of matters alleged in defendants' retaliatory discrimination counterclaim, plaintiff propounded interrogatories to defendants on May 15, 1990. (Dkt. 42 app.). Specifically, plaintiff sought: the total dollar amounts of front and back pay to which defendants claimed they were entitled; the method by which defendants computed these amounts; and, in the case of front pay, the facts upon which defendants based their entitlement. (Dkt. 42, Dkt. 42 app.). On June 19, 1990, defendants served the following responses on plaintiff:

**8.** With respect to your request for damages in the form of back pay:

**(a) [amount]?**

**Answer:** A complete and thorough computation of the total amount of back pay that Lambros and Swats are entitled to has not been accomplished as yet. When this is accomplished, you will be provided with the figures and an explanation of how such computation was made.

**(b) [method of computation]?**

**Answer:** See answer to 8a above.

**9.** With respect to your request for damages in the form of front pay:

**(a) [amount]?**

**Answer:** A complete and thorough computation of the total amount of back pay [sic] that Lambros and Swats are entitled to has not been accomplished as yet. When this is accomplished, you will be provided with the figures and an explanation of how such computation was made.

**(b) [method of computation]?**

**Answer:** See answer to 9a above.

**(c) please state the facts on which you base your contention that you are entitled to recover front pay in this lawsuit.**

**Answer:** Lambros and Swats have been damaged in that their commission revenues have dropped dramatically since they were terminated from Shearson's employment. Their commission reve-

nues will remain in a reduced state for quite some years in the future.

(Dkt. 42 app.).

### I.

In their Response to plaintiff's Motion to Compel Answers to Interrogatories (Dkt. 45), defendants indicate that attempts to resolve the conflict by telephone failed because neither counsel could reach the other. However, as indicated in the Response, plaintiff's counsel mailed a letter dated July 25, 1990, which sought "more complete answers...." Plaintiff, in this letter, gave defendants one week within which to serve a more complete response. One week after that deadline, plaintiff filed the instant Motion (Dkt. 42), with the required Certificate of Compliance with Local Rule 3.04.

■ Local Rule 3.04(a), M.D.Fla., requires that, prior to moving to compel discovery, the movant must certify that he has made a good faith effort to resolve the dispute with opposing counsel. Plaintiff mailed his request for more complete answers to defendant one week after the defendants served their responses. Defendants concede that this was an effort to resolve the matter. Plaintiff then waited two weeks before filing the present motion to compel.

In light of defendants' failure to respond in writing, the actions of plaintiff's counsel constitute a good faith effort within the meaning contemplated by Local Rule 3.04(a). *See Rates Technology, Inc. v. Elcotel, Inc.,* 118 F.R.D. 133, 135 (M.D.Fla. 1987) (absent a contention that movant failed to discuss the discovery matter with opposing counsel, the certification of compliance raises a presumption that the requirements of Local Rule 3.04 have been met by movant). Likewise, absent an affirmative assertion to the contrary by opposing counsel, the Certificate of Compliance with Local Rule 3.04 attached to plaintiff's Motion to Compel Production of Documents (Dkt. 41) satisfies the requirements of that rule.

## II.

Under Rule 37(a)(2), Fed.R.Civ.P., the court may compel production of requested documents, if the documents are discoverable under Rule 34(a), Fed.R.Civ.P. The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial. Rule 26(b)(1), Fed.R.Civ.P. The scope of the discovery request

"shall be limited by the court if it determines that: (i) the discovery sought ... is obtainable from some other source that is more convenient, less burdensome, or less expensive.... The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c)."

Rule 26(b)(1), Fed.R.Civ.P. Further, a party opposing discovery may object if the material sought is privileged. *Id.* Rule 26(b)(1).

Additionally, Rule 26(c) allows a party opposing a discovery request to move for a protective order, which then restricts the scope of the protested discovery request. Thus, courts may limit annoying, embarrassing, oppressive, or unduly burdensome requests for production of documents. Rule 26(c), Fed.R.Civ.P.

■ In the present action, plaintiff seeks defendants' federal income tax returns. (Dkt. 41, Dkt. 41 App. A). Plaintiff claims that defendants, by pursuing counterclaims for back and front pay under the employment discrimination statutes, 42 U.S.C. § 2000e et seq., have placed their incomes at issue. (Dkt. 41, at p. 8). *See Biliske v. American Live Stock Insurance Co.,* 73 F.R.D. 124, 126 n. 1 (W.D.Okla.1977).

Defendants, in their Response (Dkt. 44, at p. 3–4), object to the request on the grounds of an asserted quasi-privilege afforded individual tax returns. *See Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.,* 96 F.R.D. 147, 148–49 (E.D.Va.1982); *Biliske,* 73 F.R.D. at 126 n. 1. Defendants claim that under *Eastern Auto* the income tax returns are privileged because the plaintiff, as former employer of the defendants, already possesses all material relevant to their counterclaim. (Dkt. 44, at p. 3–4).

However, it appears that the quasi-privilege for tax returns has not been expressly recognized within this Circuit. Rather, the discoverability of tax returns has turned on relevance. *See Weiner v. Bache Halsey Stuart, Inc.,* 76 F.R.D. 624, 627 (S.D.Fla. 1977) (in securities action, plaintiff's tax returns for previous seven years were discoverable as relevant to issue of whether plaintiff gave broker accurate information).

In the present case, the contents of defendants' tax returns may lead to admissible evidence concerning the merits of plaintiff's claims of financial impropriety and conversion by defendants. Additionally, the returns are relevant to the issue of defendants' ability to mitigate their counterclaim damages.

To date, defendants have not moved for a protective order pursuant to Rule 26(c), Fed.R.Civ.P. However, in view of the defendants' claim of confidentiality and the generally private nature of tax returns, the undersigned finds that the returns should be utilized by plaintiff and its counsel solely in connection with this case and not disseminated to third parties (other than experts or other trial witnesses). *See generally, Weiner,* 76 F.R.D. at 627–28. Pursuant to this restriction, the motion to compel their production must be granted.

## III.

■ Under Rule 37(a)(2), Fed.R.Civ.P., the court may compel a responsive answer to an interrogatory propounded pursuant to Rule 33. Further, Rule 37(a)(3), Fed.R.Civ.P., states that any "evasive or incomplete answer is to be treated as a failure to answer." Therefore, the main question as to the interrogatories is whether defendants' responses, set forth above, are "evasive or incomplete."

■ While it is true that defendants should not be required to make a guess, *American Oil Co. v. Pennsylvania Petroleum Products Co.,* 23 F.R.D. 680, 683 (D.R.I.1959), defendants are, nonetheless, required to disclose what information they

do possess at the time they respond. *Chubb Integrated Systems, Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 60 (D.D.C.1984).

Defendants may enlist the aid of an expert to help them "refine the evidence of their losses." *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 5 (D.D.C.1987). However, Rule 11, Fed.R.Civ.P., requires that defendants have "some factual basis for concluding that they have sustained losses at the time the complaint was filed." *Ibid.* Thus, defendants should have responded to plaintiff's interrogatories by indicating these underlying facts, subject to the duty to supplement their responses as needed. *See* Rule 26(e), Fed.R.Civ.P.

District courts in other circuits have reached the same conclusion in similar cases. *See, e.g., Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 316 (E.D.Pa. 1980) (Title VII sexual harassment plaintiff required to answer interrogatories as to back pay and method of computing same). Accordingly, the undersigned concludes that defendants owe plaintiff more complete responses to plaintiff's interrogatories.

### IV.

The undersigned concludes that the circumstances do not warrant the imposition of sanctions pursuant to Rule 37(a), Fed.R. Civ.P. at this time. However, sanctions will be reconsidered should plaintiff fail to comply with the terms of this order.

It is therefore,

ORDERED:

(1) that plaintiff's Motion to Compel Production of Documents (Dkt. 41) is GRANTED;

(2) that defendants shall, within thirty (30) days of the date of this order, serve on the plaintiff copies of their federal income tax returns (Form 1040) for the years 1987, 1988, and 1989;

(3) that plaintiff and its counsel shall utilize the returns solely in connection with this case and shall not disseminate the returns to third parties (other than experts or other witnesses in this case);

(4) that plaintiff's Motion to Compel Answers to Interrogatories (Dkt. 42) is GRANTED;

(5) that defendants shall, within thirty (30) days of the date of this order, serve on the plaintiff answers to interrogatories indicating the amounts of damages they seek for front and back pay, the methods by which these amounts were computed, and the factual basis for their assertion of entitlement to front pay;

DONE and ORDERED.