**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAVERNE A. LEWIS,
<u>Plaintiff-Appellant,</u>

v.

No. 96-2263

SENTARA ALTERNATIVE DELIVERY
SYSTEM,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CA-95-1176-2)

Argued: July 18, 1997

Decided: March 2, 1998

Before ERVIN, Circuit Judge, and BUTZNER and PHILLIPS,
Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Scott Meadows Reed, SCOTT M. REED, P.C., Virginia
Beach, Virginia, for Appellant. William McCardell Furr, WILLCOX
& SAVAGE, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:**
Linda W. Harris, LINDA W. HARRIS, P.C., Virginia Beach, Vir-
ginia, for Appellant. Susan R. Blackman, WILLCOX & SAVAGE,
P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Laverne A. Lewis appeals a judgment entered on the verdict of a jury in favor of Sentara Alternative Delivery System (Sentara) in an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We view the evidence in the light most favorable to Sentara which was the prevailing party at the trial. Sentara, a manager of a health maintenance organization in Hampton Roads, Virginia, hired Lewis, an African-American, as a member service representative. During her six-months' probationary period, Lewis's work failed to meet Sentara's expectations, and she was given the option of resigning or being discharged at the end of her probationary period. Lewis did not resign. After being discharged she brought this action, assigning error to the selection of the jury and to the district court's evidentiary rulings and denial of a new trial. Finding no cause for reversal, we affirm.

I

Lewis protests Sentara's peremptory strikes of all African-Americans from the trial jury and the failure of the district court to properly analyze this issue. Sentara attempted to strike for cause Frederick Puller, Virginia Harris, and Virgie Harvey based on their prior connections with Sentara. The district court denied those requests. Sentara then used its peremptory strikes to remove these jurors and also Larry Parker. All four jurors were African-American, and they were the only four African-Americans on the panel. Lewis promptly objected.

A prospective juror called to serve in a federal private civil case has a right not to be excluded by the exercise of a peremptory challenge because of his or her race. This right is based on the equal protection component of the Fifth Amendment's Due Process Clause.

2

Edmondson v. Leesville Concrete Co., 500 U.S. 614 (1991). A finding by a district court concerning whether or not a peremptory challenge was exercised for a racially discriminatory reason is given great deference and is reviewed only for clear error. Hernandez v. New York, 500 U.S. 352, 364-365 (1991).

The United States Supreme Court has outlined a three-step process for evaluating whether or not a party has used peremptory challenges in a manner that violates the Constitution. Batson v. Kentucky, 476 U.S. 79, 96-98 (1986). First, the party raising the equal protection challenge must establish a prima facie case of purposeful discrimination. Second, if the requisite showing has been made, the burden shifts to the party whose conduct is being challenged to come forward with a race neutral explanation for striking the jurors in question. Finally, the trial court must determine whether or not the party raising the equal protection challenge has carried his burden of proving purposeful, racial discrimination.

Because Lewis made a prima facie case of racial discrimination, Sentara was required to offer race neutral explanations for striking the jurors in question. It struck Ms. Harris and Ms. Harvey because they were insured through Sentara. It struck Mr. Puller because his wife had worked at Sentara for 12 years and he hesitated for several seconds before answering that his wife's employment would not effect his decision. In Hernandez a prospective juror's hesitation before answering a voir dire question was recognized as a legitimate reason for a peremptory strike. 500 U.S. at 361-362. Sentara struck Mr. Parker, who occupied a low level position in a large company similar to Lewis. Based on this fact, Sentara suspected that he might be sympathetic to Lewis's case against her employer. This court has recognized the propriety of using peremptory strikes "to eliminate from the final jury venire persons whom either side believes will be too sympathetic to its opponent." United States v. McMillon , 14 F.3d 948, 953 (4th Cir. 1994).

After Sentara came forward with reasons for exercising its peremptory strikes, Lewis had the burden of proving purposeful discrimination, that the reasons given were pretextual, and that race was the real reason for the strike. Hernandez, 500 U.S. at 359. Lewis's attorney stated "[w]e just would submit those reasons are inadequate as a mat-

3

ter of law and note our objections on the record to this jury panel."
This statement is inadequate to satisfy Lewis's burden. The district
court reviewed Sentara's reasons and held that the strikes were "cor-
rect." A discriminatory intent was not inherent in Sentara's explana-
tion, and the reasons it offered are deemed race neutral. See
Hernandez, 500 U.S. at 360. Mindful of the deference we owe the dis-
trict court, we find no reversible error in the court's rulings with
respect to the peremptory challenges.

II

Rulings by a district court on the admission or exclusion of evi-
dence are reviewed only for abuse of discretion. Martin v. Cavalier
Hotel Corp., 48 F.3d 1343, 1357 (4th Cir. 1995).

Lewis offered testimony that showed she had satisfactorily per-
formed her previous job at Blue Cross/Blue Shield. The purpose of
this testimony was to create an inference that if Lewis did satisfactory
work for her previous employer she probably did satisfactory work
for Sentara as well. The evidence Lewis proffered, however, was
eight years old. The district court excluded this evidence as too
remote, fearing that there are "so many things that can happen to a
person in eight years to change their attitude towards life, towards
work, towards the government, . . . I think that's too remote."

We find that the district court's decision concerning the proffered
testimony was not an abuse of discretion. See Rauh v. Coyne, 744
F.Supp. 1181, 1184 (D.D.C. 1990) (plaintiff's performance at jobs
before and after her employment with defendants is not admissible).

Lewis also proffered another witness to show that she satisfactorily
performed her job at Blue Cross/Blue Shield. This witness, however,
received his information concerning Lewis's performance fourth
hand. Lewis reported to a supervisor, who reported to a manager, who
reported to another manager, who reported to the witness.

The trial court properly determined the witness had no personal
knowledge of Lewis's job performance and, therefore, excluded his
testimony. Federal Rule of Evidence 602 provides:"A witness may

4

not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

III

Lewis sought to show that her supervisor would break up gatherings of African-American employees and request that they go back to work. A witness was prepared to testify that she saw Elva Anderson, an African-American employee, crying because of something the supervisor had done. The purpose of this testimony was to show a discriminatory employment environment.

The district court ruled that for these incidents to constitute evidence of racism, additional evidence needed to be offered, specifically that the supervisor did not break up gatherings of white employees and that Ms. Anderson was crying because the supervisor acted in a racist fashion. Lewis failed to introduce this additional information. Consequently, the court ruled that this evidence was not probative of any issue in the case.

We cannot say this was an abuse of the trial court's discretion. "The determination of the relevancy of proof offered at the trial is a matter resting largely within the sound discretion of the trial court, and is not ordinarily reviewable upon appeal." Beaty Shopping Center, Inc. v. Monarch Ins. Co., 315 F.2d 467, 471 (4th Cir. 1963); Fed. R. Evid. 401, 403.

IV

Another witness testified that when she interviewed at Sentara for a job, she thought that the receptionist was surprised to see an African-American woman named Elizabeth. The witness did not receive the job, and she believed it had to do with her race. The district court then excluded this testimony, wanting to avoid a "trial within a trial" on why the witness was denied the job for which she had interviewed.

Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of confusing the issues or undue

5

delay. Fed. R. Evid. 403. Excluding testimony under Rule 403 to avoid litigating collateral matters was not an abuse of discretion. <u>See Hogan v. American Tel. & Tel. Co.</u>, 812 F.2d 409, 410-411 (8th Cir. 1987).

V

The district court properly denied Lewis a new trial. Her reasons for moving for a new trial were based on assignments of error pertaining to Sentara's peremptory challenges and to the exclusion of evidence which we have found to be without merit.

<u>AFFIRMED</u>

6